Argued May 15, reversed and decree rendered June 12, rehearing denied July 10, 1917.

# STEWART *v.* MANN.

(165 Pac. 590, 1169.)

**Contracts—Discharge by Bankruptcy.**

1. Where an orchard company, which had contracted to sell orchard lands, went into bankruptcy, the bankruptcy did not impair the obligations of the company's contract with its vendee, nor lessen his privileges under it, and did not foreclose his interest in the land; he not being compelled to take title on less favorable terms than those for which he stipulated.

**Vendor and Purchaser—Assumption of Vendor's Liabilities.**

2. Where an orchard company contracted to sell orchard lands the contract containing stipulations, and went into bankruptcy, and a third person purchased the lands of the orchard company subject to the liens and encumbrances of its prior contracts of sale, expressly agreeing to assume them as part of the purchase price, the third person placed himself precisely in the situation of the company at the outset of the transaction between it and its vendee, and was bound to perform the company's covenants; if he desired to avoid such result, he should have foreclosed his contract with the party who with himself originally owned the land as tenants in common, whereby he might rid his own half of the land of the obligations of his agreement to sell his half to his cotenant, who organized the orchard company.

**Vendor and Purchaser—Breach of Contract by Vendor's Successor.**

3. Where one cotenant agreed to sell orchard lands to another, and the latter organized an orchard company and conveyed the whole tract to it, and it contracted to sell to plaintiff on certain terms and became bankrupt, the first cotenant buying the lands at trustee's sale subject to the company's contracts of sale, expressly assuming them, and plaintiff vendee preferred a claim for damages for the neglect of the company and the first cotenant to cultivate the orchard lands as required by the orchard company's contract to sell, and the first cotenant repudiated the obligations originally resting upon the company, his conduct constituted what plaintiff was entitled to consider a breach of the contract to sell the orchard lands.

[As to estoppel on purchaser to impeach obligation of vendor that he has assumed, see note in Ann. Cas. 1914A, 185.]

**Vendor and Purchaser—Foreclosure of Vendee's Lien.**

4. A vendee acquires an estate in land under an executory contract of sale in proportion as he pays the purchase price and is not in default in performance of his covenant; the vendor holding the legal title to such extent in trust for the vendee. When the seller repudiates or fails to perform, the vendee has the right to get out of the land what he put into it by foreclosing his vendee's lien.

**Vendor and Purchaser—Rescission—Placing in Statu Quo.**

5.   Where land was contracted to be sold, and, on the vendor corporation's bankruptcy, an original owner of the lands as cotenant bought at trustee's sale, subject to the company's contracts to sell, expressly assuming such liens and encumbrances, when such purchaser sought to rescind the company's contract to sell, he should have put the buyer *in statu quo*.

### ON PETITION FOR REHEARING.

**Vendor and Purchaser—Foreclosure of Vendee's Lien—Effect of Denial of Liability.**

6.   Where vendor had absolutely denied any liability under and repudiated contract with vendee in proceedings for foreclosure of vendee's lien, vendor could not claim vendee's failure to cultivate premises as agreed upon.

From Washington: GEORGE R. BAGLEY, Judge.

Suit by Walter P. Stewart against S. M. Mann, Minerva F. Mann and the Pacific Trust Association, Limited, a corporation.   From a conditional decree favoring defendants Mann, plaintiff appealed.   Reversed and decree entered as prayed for in complaint, except as to interest only from date of decree.

Department 2.   Statement by MR. JUSTICE BURNETT.

This is a suit to foreclose a vendee's lien upon realty described as Tract 54 and the east 110 feet of Tract 53, of the Chehalem Mountain Orchards.   It appears from the record that in May, 1910, the defendant Mann and one Reimers were the owners as tenants in common of some land of which the above-mentioned parcels are a part.   At that time Mann contracted in writing to sell his moiety to Reimers on certain terms. While the title was in this condition Reimers organized the Chehalem Mountain Orchards Company, a corporation, and to it deeded the whole tract.   The company in turn entered into a contract with the plaintiff to convey to him the parcels first mentioned.   He was to pay certain installments quarterly.   The company on its part, among other things, was to maintain

and care for the orchards upon the land "in a scientific manner, by approved methods, and to replace all trees that failed to grow within four years from the date of the agreement," and the plaintiff was let into possession. Subsequently the company went into bankruptcy and at a sale by the trustee the defendant Mann bought in the whole property, including that which the plaintiff had agreed to purchase, and took from the trustee a deed which recited all the encumbrances upon the tract, and the fact that designated parts of it were subject to certain contracts of sale, embracing the one here in dispute, and contained this condition,

"all of which liens and encumbrances as above set forth the party of the second part (Mann) for himself, his heirs, executors, administrators, and assigns, hereby expressly agrees to assume as a part of the purchase price thereof."

The plaintiff paid various installments of the purchase price, some to the company, subsequently others to the trustee, and finally still others to the defendant Mann, in pursuance of the latter's notification and that of the trustee, all in due time as required by his contract. There were yet other installments to be paid but at the time he made the last payment to Mann, Stewart did so under protest and claimed to him that neither he nor the company had properly complied with the stipulation for the cultivation and establishment of the orchard, and contended that there should be an abatement of the purchase price to cover these shortcomings. Mann responded by returning to the plaintiff all money which the latter had paid directly to him, and repudiated any obligation on his part to make good the fault of the company respecting the orchard. This suit followed by which Stewart seeks to impress upon the land a lien in his favor for all the

money he has paid, after deducting the amount returned to him by Mann.

The defendant answering recites the history of the transactions and claims to have bought the land free of all obligations whatever on his part to sell the same to the plaintiff, and says further that they entered into an oral contract after the trustee's sale whereby he agreed to transfer the title to the plaintiff upon payment of the sums described in his contract with the company, but that the plaintiff after having made several payments to Mann refused to pay further, whereupon the latter returned to the former all the payments he had made to Mann directly, which the plaintiff has retained ever since, with the result, as Mann contends, that the latter is the owner in fee simple of the property. He alleges, however, that he is willing to convey the land to the plaintiff when the latter pays the amount stipulated by the oral agreement.

The reply traverses the answer. The Circuit Court entered a decree substantially requiring specific performance on the part of Mann, conditioned upon Stewart's finishing the payments mentioned in the contract with the company, but that in default thereof plaintiff should be utterly foreclosed of all title and that Mann should be considered the owner in fee simple. The plaintiff has appealed.

Reversed. Decree Rendered.

For appellant there was a brief over the names of *Mr. George Arthur Brown* and *Mr. Ray B. Compton,* with an oral argument by *Mr. Brown.*

For respondents, S. M. Mann and Minerva F. Mann, there was a brief and an oral argument by *Mr. Leroy Lomax.*

No appearance for respondent, Pacific Trust Association, Limited.

Mr. Justice Burnett delivered the opinion of the court.

1-3. The bankruptcy of the company did not impair the obligations of the contract with the plaintiff, nor lessen his privileges under the same. It did not foreclose his interest in the land. He was not compelled thereby to take title on less favorable terms than those for which he stipulated. In buying at the sale and taking the conveyance from the trustee with the condition inserted therein, as above quoted, Mann placed himself precisely in the situation of the company at the outset of the transaction between it and the plaintiff. The defendant contends that Reimers did not assign to the company his contract for the purchase of Mann's undivided half of the land. That, however, cannot avail Mann in the present juncture, for he took the deed mentioned with the condition stated, and this binds him to perform the covenants of the company. If he had desired to avoid this result it was his business to foreclose his contract with Reimers whereby he might have rid his own half of the land of the obligations of the agreement between himself and Reimers. With them would have fallen plaintiff's interest in the Mann half for that interest depended upon and was derived from the Reimer's contract. Mann avoided this course, however, and bought in the whole tract on the terms already described, which estops him from shirking the obligations of the company under its covenant with the plaintiff: *Cummings* v. *Jackson,* 55 N. J. Eq. 805 (38 Atl. 763); *Hill* v. *Minor,* 79 Ind. 48; *Crawford* v. *Edwards,* 33 Mich. 354; *Miller* v. *Thompson,* 34 Mich. 10; *Goos* v. *Goos,* 57 Neb. 294 (77 N. W.

687); *Hadley* v. *Clark,* 8 Idaho, 497 (69 Pac. 319); *Selby* v. *Sanford,* 7 Kan. App. 781 (54 Pac. 17); *Mississippi Valley Trust Co.* v. *Hofius,* 20 Wash. 274 (55 Pac. 54). The result is that the situation is equivalent to that existing between the company and the plaintiff at the outset. The plaintiff was not in default in his payment. He preferred a claim for damages for the neglect of the company and of Mann to cultivate the orchard as required by the contract. This was not a breach of the stipulation on the part of the plaintiff. It is not necessary to determine whether the demand was well or ill founded. However, it seems to have provoked the defendant Mann to repudiate the obligations originally resting upon his predecessors in title, something he had no right to do, having assumed them as already shown. His conduct constitutes what Stewart is entitled to consider a breach of the contract on the part of Mann. In the language of Mr. Justice VANN, in *Elterman* v. *Hyman,* 192 N. Y. 113 (84 N. E. 937, 127 Am. St. Rep. 862, 871, 15 Ann. Cas. 819), as applied to Stewart:

"He accepts 'the situation which the wrongdoing of the other party has brought about,' and tries to get out of the land what he paid on it under the contract. * * The vendee does not rescind when without fault he goes into a court of equity and insists on a right springing from the contract and payment thereon pursuant to its terms. He does not repudiate the contract, but stands on it and affirms it as the foundation of the right he seeks to enforce, as fully as if he sought entire specific performance. He does not abandon his equitable ownership by trying to assert it in the only way that it can be asserted. The contract has been performed by him, wholly it may be, or in part, as in the case before us, and as, owing to the fault of the vendor, he cannot have the full performance to which he is entitled, he asks for partial performance by the

enforcement of the trust created by the contract and payment as provided thereby. He does not sue for money had and received, but to enforce a lien on land into which the money went. Nor does he rescind the contract, which is the source of his lien, by seeking to enforce it to the only extent now possible, owing to the breach by the vendor, but he demands that equity should give him the interest in the land that he acquired by the contract and payment. The denial of that right would be an encouragement to wrongdoing, and to hold that an attempt to foreclose the equitable lien is a rescission of the contract would deny the right in all cases, including those in which the vendee is in possession and has made improvements.''

4. The doctrine of the cases is to the effect that a vendee acquires an estate in land under an executory contract for the purchase of the same in proportion as he pays the purchase price and is not in default in the performance of his covenant. The vendor holds the legal title to that extent in trust for the vendee. When the seller repudiates or fails to perform the contract the vendee has the right to get out of the land what he put into it, by foreclosing his equitable lien upon the premises. His right to do so is well recognized by the authorities: *Gerstell* v. *Shirk,* 210 Fed. 223 (127 C. C. A. 41); *Howard* v. *Linnhaven Orchard Co.,* 228 Fed. 523; *Brede* v. *Rosedale Terrace Co.,* 158 App. Div. 438 (143 N. Y. Supp. 583); *Stockwell* v. *Melbern* (Tex. Civ.), 185 S. W. 399; *Tyler* v. *Cate,* 29 Or. 515 (45 Pac. 800); *Feldblum* v. *Laurelton Land Co.,* 151 App. Div. 24 (135 N. Y. Supp. 349); *Ihrke* v. *Continental Life Ins. & Invest. Co.,* 91 Wash. 342 (157 Pac. 866). This latter case is one almost precisely like the instant contention in every particular. The subject is treated in a very exhaustive opinion written by Mr. Justice FULLERTON, of the Washington Supreme Court, and is well

worth reading in connection with the matter involved.

5.  When Mann sought to rescind the contract he should have put the plaintiff *in statu quo;* he did this only in part, by merely returning what the plaintiff had paid directly to him.  Stewart had a right to accept the situation thus thrust upon him and, by foreclosing his vendee's lien, compel the defendant Mann, so far as his rights in the premises were involved, to make complete restoration to the plaintiff, so as to place him where he was in the beginning; in other words, to complete the process of rescission by repayment of the full sum the plaintiff had already invested in the land. The result is that the decree of the Circuit Court is reversed and one here entered in accordance with the prayer of the complaint, except that no interest can be allowed prior to the date of this decree: *Sargent v. American Bank & Trust Co.,* 80 Or. 16 (154 Pac. 759, 156 Pac. 431).  REVERSED.  DECREE RENDERED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.

Denied July 10, 1917.

ON PETITION FOR REHEARING.

(165 Pac. 1169.)

*Mr. Leroy Lomax,* for the petition.

*Mr. George Arthur Brown, contra.*

Department 2.  MR. JUSTICE BURNETT delivered the opinion of the court.

6.  The defendant's petition for rehearing would be very persuasive if it were founded upon a correct

premise. It charges in substance that the plaintiff sought to compel the admission from the defendant that both he and his predecessor in interest had violated the terms of the contract under which the plaintiff was to purchase the property in that they had not cultivated the orchard on the premises in the manner prescribed. This, however, is not the ground upon which the defendant placed his return of the money and his abjuration of the contract.

It will be remembered that Stewart protested at the time he made the last payment and claimed that the defendant and the company had failed to comply with the stipulations of the contract for the cultivation and establishment of the orchard and that there should be an abatement of the purchase price to cover the default. As showing the position which the defendant took it is only necessary to quote his letter dated July 14, 1914, addressed to the plaintiff, saying:

"Inclosed herewith I hand you check $79.15 which you sent me July 2nd. I also enclose a certified check for the sum of one hundred and sixty dollars and sixty cents, being the amount of the payments made by you to me heretofore on your contract with Chehalem Mountain Orchard Company on account of tracts fifty-four and part of tract fifty-three, as provided in your contract.

"You are certainly very much mistaken in your conclusion in this matter. When I purchased the land from the trustees in bankruptcy, I by no means assumed the payment of the debts of the bankrupt, and you have no right to believe or think so, from anything I have ever said or done. I gave you to understand that I was willing to assume your contract as a separate individual contract and deal between ourselves; that is, I was willing to deed you the land making you a good title upon the payment to me of the balance due under your contract. I could sell the land for more money than is due under your contract, or

think I could do so, but I was willing to let you have the land for the amount yet due under your contract but I certainly did not assume the debt of the bankrupt. You can readily see that one would be very foolish to do such a thing, and you have no right to expect such a thing from me.

"You say in your letter that you intend to institute suit against me to recover money which you paid the Chehalem Mountain Orchards Company under your contract. You should have presented any claim you had against the company to the referee in bankruptcy, as no one assumed those liabilities, and you never heard of any one assuming the liabilities of a bankrupt in purchasing the assets of one who has gone into bankruptcy. Because of your misunderstanding of the matter I am returning the money to you and I certainly would not let you have the land for the amount yet due under your contract with the bankrupt, and in addition to that make good any amounts you had lost on the bankrupt.

"Yours respectfully,
"(Signed)  S. M. MANN."

It will be recalled that the land was sold by the trustee in bankruptcy subject to the contract and that the defendant accepted a deed containing the condition to the effect that he himself expressly agreed to assume as part of the purchase price the encumbrances upon the property, including the contract in question. His letter above quoted constitutes a repudiation of his covenant. He did not justify his course at that time by the assertion that he and his predecessor had complied with the contract, but proceeded on the basis of there being no liability whatever on his part. Whatever his reason may be he committed a breach of the contract in his renunciation of it. He cannot at this time mend his hold and take up the question of whether or not the orchard was cultivated as agreed upon. Having denied any liability in any event he

must abide by his position thus assumed. The deed he had taken made him liable and when he disavowed that liability the plaintiff was entitled to consider it as a breach and to proceed in foreclosure of his vendee's lien upon the premises. The petition for rehearing is denied.          REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.