Argued March 13, reversed March 27, 1928.

WINSLOW LUMBER CO. *v.* EDWARD HINES
LUMBER CO.

(266 Pac. 248.)

**Corporations—Action Against Foreign Corporation on Sales Contract was Maintainable Wherever Personal Service Could be had (Or. L., §§ 42–44).**

1. Action against foreign corporation for breach of contract to purchase lumber *held* transitory action which might be brought in any place where personal service could be made upon defendant under Sections 42–44, Or. L., irrespective of where cause of action arose.

---

1. Venue of action in state court against foreign corporation, see note in 70 L. R. A. 696. See, also, 12 R. C. L. 117. Local and transitory actions, see note in 22 Am. St. Rep. 22. See, also, 27 R. C. L. 801.

Corporations—Foreign Corporation Doing Business Within State is
Subject to Jurisdiction of Local Courts, Though Only Interstate
Business is Transacted.

2. Foreign corporation which is present doing business within
the state by its officers and agents is subject to the jurisdiction
of the courts of the state, although sole business which it transacts
is interstate business.

Corporations—Determination Whether Foreign Corporation is Doing
Business Within State Depends upon Particular Facts of Case.

3. Decision whether foreign corporation is doing business within
the state, so as to subject it to jurisdiction of state courts, must de-
pend upon particular facts of case and local statutes involved.

Corporations — Foreign Corporation Maintaining Resident Agent to
Buy and Sell Lumber Held Subject to Jurisdiction of State
Courts as "Doing Business" Within State, Though Business
Transacted was Wholly Interstate (Or. L., §§ 42–44, 528, 529).

4. Foreign corporation having representative in State of Oregon,
who maintained stenographer and kept bank account in corpora-
tion's name and held himself out as corporation's representative
and bought and sold lumber for corporation in state, *held* amenable
to Oregon courts under Sections 42–44, 528, 529, Or. L., as "doing
business" within state, though action was brought on contract en-
tered into and performable elsewhere and business transacted in
state was solely interstate business.

Corporations — Statute Requiring Service on Corporation Commis-
sioner in Suit Against Foreign Corporation having No Resident
Agent Held Inapplicable, Where Corporation's Business was
Wholly Interstate (Or. L., § 6908).

5. Section 6908, Or. L., requiring service on corporation commis-
sioner in suit against foreign corporation doing business within state
and having no resident agent, *held* not to apply to foreign corpora-
tion whose business was entirely interstate in its nature.

Corporations—Summons was Properly Served upon Agent of Foreign
Corporation Within County in Which Action was Pending,
Where Corporation was Doing Interstate Business Within State
and No Officer was Present (Or. L., §§ 55, 528, 529, 6908).

6. Where neither president nor other officer or managing agent
of foreign corporation was within state and corporation was doing

---

4. Meaning of term "carrying on business" as used in statutes
relating to service of process, see note in 18 Ann. Cas. 33. See,
also, 12 R. C. L. 69. What constitutes doing business in state, see
notes in 2 Ann. Cas. 307; 6 Ann. Cas. 744; 8 Ann. Cas. 942; 11
Ann. Cas. 320; Ann. Cas. 1912A, 553; Ann. Cas. 1913E, 1154; Ann.
Cas. 1916A, 515; Ann. Cas. 1918C, 539; Ann. Cas. 1918E, 1248. See,
also, 12 R. C. L. 69; 21 R. C. L. 1341.

6. Who may be served in action against foreign corporation, 23
L. R. A. 490. Mode of serving process upon foreign corporation,
see note in 85 Am. St. Rep. 933. See, also, 12 R. C. L. 119; 21
R. C. L. 1351.

business therein, so as to make it amenable to local courts under Sections 528 and 529, Or. L., summons was properly served upon agent of corporation within county in which action was pending under Section 55; service on corporation commissioner not being required under Section 6908, since business was wholly interstate.

---

Corporations, 14a **C. J.**, p. 1272, n. 95, p. 1284, n. 5, p. 1374, n. 35, p. 1380, n. 33, p. 1383, n. 74, p. 1412, n. 85.
Courts, 15 **C. J.**, p. 791, n. 92.

From Multnomah: John H. Stevenson, Judge.

Department 1.

We adopt for the statement of the case defendant's statement in its brief.

"The plaintiff is a Washington corporation and the defendant is a corporation organized under the laws of Illinois. Both are engaged in the lumber business; neither corporation has qualified with the Oregon corporation laws. So far as the record shows, the plaintiff is not engaged in any activities in the state of Oregon.

"The home office of the defendant is in Chicago, Illinois. It buys lumber in Oregon, all of which is transported out of the state and sold elsewhere. No lumber is sold by the defendant in Oregon, and none of it is reworked here. To facilitate the carrying on of its business, the defendant maintains an office in the Yeon Building in Portland. C. L. Hall, an employee, is in charge of that office, and he has to assist him one stenographer, also an employee of the defendant. The defendant furnished to C. L. Hall an automobile which he uses in the interests of the defendant. As shown by the record, C. L. Hall does not have authority to consummate any purchase of lumber. He keeps in touch with sawmills and other parties in Oregon who have lumber for sale and reports to the office in Chicago in reference thereto. Hall sometimes issues to a mill here what is commonly known as a memorandum order, which order specifically provides that it is not final and is subject to the approval of the Chicago office. If the Chicago

office approves of the memorandum order placed by Hall, it mails to the mill a confirmation of the order, thereby making a binding contract of purchase. Hall is not an officer of the defendant and is not its managing agent, and he never at any time had authority to accept service of process for the defendant.

"The plaintiff brought an action against the defendant in Multnomah County based upon a contract which it alleges it had entered into with the defendant, by the terms of which the plaintiff sold and the defendant purchased certain lumber. This contract was neither made nor performed in Oregon and the transaction was evidently consummated either in Chicago or in the state of Washington. Summons in that action was served upon C. L. Hall. At the request of plaintiff's attorney, the sheriff made an amended return of service of summons on which it was stated that C. L. Hall was the managing agent in Oregon of the defendant and that the defendant was engaged in business in Oregon. No appearance in this action was made by defendant, and plaintiff took a judgment by default. Thereafter execution was issued and the automobile belonging to the defendant seized on execution. The defendant appearing specially made a motion to vacate and set aside the judgment and all proceedings had thereunder for reasons particularly set forth in the motion. The trial court, based upon the affidavits in support of the motion and the oral testimony taken at the hearing, found in favor of the defendant and granted the relief prayed for in its motion.

"Findings of fact and conclusions of law were made and filed by the trial court, and among other findings, the court found that C. L. Hall was not the managing agent of the defendant, or its president or other head, secretary, cashier or officer, and, further, that the activities of the defendant in Oregon were confined exclusively to interstate commerce; and, as a conclusion of law, that the court did not acquire jurisdiction of the defendant to render the judgment which was entered against it. An order was made vacating and

setting aside the judgment and all proceedings had thereunder.''

The issue to be determined on this appeal is the validity of the service on the defendant.

REVERSED.

For appellant there was a brief and oral argument by *Mr. Bartlett Cole.*

For respondent there was a brief over the name of *Messrs. Wilbur, Beckett, Howell & Oppenheimer,* with an oral argument by *Mr. H. B. Beckett.*

COSHOW, J.—1. It is immaterial where the cause of action arose. It is immaterial where the plaintiff has its domicile. The action is a transitory one. Plaintiff may therefore sue the defendant at any place personal service can be made upon defendant: Or. L., §§ 42–44; *Fratt* v. *Wilson,* 30 Or. 542, 545 (47 Pac. 706, 48 Pac. 356); *State ex rel.* v. *Tazwell,* 123 Or. 326 (266 Pac. 348); *Cole* v. *Canadian Bank of Commerce,* 114 Or. 456 (239 Pac. 98); 14a C. J. 1383, § 4099, notes 73 and 74; *Barrow Steamship Co.* v. *Kane,* 170 U. S. 100 (42 L. Ed. 964, 18 Sup. Ct. Rep. 526, see, also, Rose's U. S. Notes).

2. Defendant relies upon the fact that the business transacted by it within the State of Oregon is purely interstate. That fact does not prevent the defendant from being subject to the jurisdiction of the courts of this state. That fact would prevent the state from exacting a license or charging defendant a fee to enable it to transact interstate business within the state: American Law Institute, Conflict of Laws, Restatement No. 3, tentative, 71, 72, § 182, and comments. If the defendant is here, however, by its

agents or officers and is doing business within the
state, it is subject to the jurisdiction of the courts of
the state, although all business by it transacted is
interstate: 8 Fletcher, Corp., 9631, § 5780; *Tauza* v.
*Susquehanna Coal Co.*, 220 N. Y. 259 (115 N. E. 915);
*International Harvester Co. of America* v. *Kentucky,*
234 U. S. 579 (58 L. Ed. 1479, 34 Sup. Ct. Rep. 944,
see, also, Rose's U. S. Notes). *Cone* v. *New Britain
Mach. Co.*, 20 Fed. (2d) 593, is an interesting dis-
cussion of this principle: *People's Tobacco Co.* v.
*American Tobacco Co.*, 246 U. S. 79 (62 L. Ed. 587,
Ann. Cas. 1918C, 537, 38 Sup. Ct. Rep. 233); *Green*
v. *Chicago, B. & Q. R. Co.*, 205 U. S. 530 (51 L. Ed.
916, 27 Sup. Ct. Rep. 595).

No hard-and-fast rule has yet been formulated to
determine when a foreign corporation engaged in
interstate commerce may be sued in a state other than
its domicile.   It has been determined by the Supreme
Court of the United States that the solicitation of
business alone is not doing business within a foreign
state so as to subject the corporation to the courts of
that state or district: *Eastman Kodak Co.* v. *South-
ern Photo Materials Co.*, 273 U. S. 359 (71 L. Ed. 684,
47 Sup. Ct. Rep. 400); *Hoffman* v. *Missouri,* 274 U. S.
21 (71 L. Ed. 905, 907, 47 Sup. Ct. Rep. 485).

3. There is apparently some conflict in the decisions
of the Supreme Court of the United States on this
interesting question, but the different cases come so
close to the border line that each decision must de-
pend upon its peculiar facts.   The decisions are gov-
erned also to some extent by local statutes: Sections
528 and 529, Or. L., prescribe the rule for determin-
ing when a foreign corporation is doing business
within this state.   Some decisions of this court seem to

have hinged upon the question whether or not the business transacted by a foreign corporation was interstate: *Deardorf* v. *Idaho Nat. Harvester Co.*, 90 Or. 425 (177 Pac. 33) ; *Major Creek Lbr. Co.* v. *Johnson,* 99 Or. 172, 183 (195 Pac. 177) ; *Bertin et al.* v. *Mattison,* 69 Or. 470 (139 Pac. 330). As is clearly pointed out in *International Harvester Co.* v. *Kentucky,* above, this is not the sole or exclusive test. If a foreign corporation was doing intrastate business there would be no room for controversy, but it does not follow that such a corporation engaged exclusively in interstate commerce may not be subject to the courts of the state in which it engages in interstate business.

The record indisputably discloses that defendant maintained an office in the Yeon Building, Portland, Oregon; that C. L. Hall is its representative or agent in the State of Oregon; that he is paid a regular salary by the defendant company; that the defendant company also maintains one stenographer to whom it pays a regular salary; that it keeps a bank account, the money being deposited by its agent, said Hall, and checked out by him; that it purchased an automobile through said Hall who entered into a contract for the payment of the same, signing the contract, "Edward Hines Lumber Company," by "C. L. Hall"; that said Hall uses the letter-heads of said defendant company with the word "Chicago" marked with two red lines, and the words, "Portland, Oregon," printed below in red type; that this letter-head also has the following printed in red type; "Represented by C. L. Hall, Yeon Building, Portland, Oregon"; that on the door of said office is the name of defendant corporation; that November 15, 1924, said defendant wrote to Sullivan Lumber Company, North-

western Bank Building, Portland, Oregon, the following letter:

"Confirming telephone conversation this morning, we are sending you the following orders—* * . Must be good stock. Ten days or less shipment. Yours very truly, Edward Hines Lumber Company. (Off to one side) C. L. Hall (and under 'C' the initials 'FP')."

Another similar letter is addressed to the same company dated December 9, 1924. This letter is also addressed from Portland and contains the phrase: "Confirming telephone conversation, we are sending you the following order—" signed by Edward Hines Lumber Company, by C. L. Hall. There is in the record also another letter on the same kind of a letterhead addressed to Griswold Lumber Company, signed by Edward Hines Lumber Company, by C. L. Hall, canceling an order formerly given by defendant corporation to said Griswold Lumber Company.

There is also in the record a carbon copy of a letter admitted to have been written by Edward Hines Lumber Company addressed to Snider & Sons Lumber Company, Clatskanie, Oregon, as follows:

"Your letter of the 7th in regard to Fir timbers is being referred to our Portland Office, located 1109 Yeon Bldg. Mr. Hall, our Portland representative, who buys practically all of our West Coast products, will be very glad to take the matter up with you when we are in the market for any fir timbers in the longer lengths. Very truly yours. Edward Hines Lumber Co. J. H. Vanlandingham (under which are the initials in small type) ehm."

In the record is a stipulation which, among other things, states:

" * * the only activities carried on by the defendant in the state of Oregon are that defendant buys

lumber from sawmills or others in the state of Oregon, all of which lumber is immediately shipped by the sellers thereof to the order of the defendant outside of the State of Oregon, and none of said lumber is remanufactured or worked in Oregon and defendant does not sell or handle lumber or other products in the state of Oregon, * * "

4. The business of defendant corporation is *buying* and selling lumber. A substantial part of its business is done in Oregon. We think all of these activities taken together and the manner of conducting its business within this state constitutes doing business within the state and that the defendant corporation is amenable to the courts of this state, either in actions arising within the state or transitory actions, regardless of where they arose: *Eastman Kodak Co.* v. *Southern Photo Materials Co.,* above.

5, 6. Defendant further contends that if defendant may be considered to be doing business in this state, the record does not show proper service on it. Defendant contends that since it had no duly appointed agent authorized to accept service, the only way it could be lawfully served was by leaving the papers with the corporation commissioner, under Section 6908, Or. L. This section is a part of the statute regulating foreign corporations doing business within the state. This applies only to corporations that are doing business as that term is used in the statute requiring such corporations to pay a fee and secure a license. Defendant has not complied with that law and contends in the instant case that its business is entirely interstate in nature. The record supports that contention. For that reason Section 6908, above, does not apply to the defendant. Defendant admits that C. L. Hall is its representative in this state.

We think the service on Mr. Hall is sufficient: Or. L., § 55. The record shows that neither the president or other head of the corporation, secretary, cashier or managing agent is within this state. The summons was therefore properly served upon the agent of the defendant company within the county in which the action was pending: *Deardorf* v. *Idaho Nat. Harvester Co.*, 90 Or. 425 (177 Pac. 33); American Law Institute, Conflict of Laws, Restatement No. 3, tentative, 71, 72, § 182 and comments.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings consistent with this opinion.          REVERSED AND REMANDED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.