Argued October 13, reversed December 22, 1954, petition for
rehearing denied January 19, 1955

# SEMLER *v.* COOK-WAITE LABORATORIES, INC.

278 P. 2d 150

*Stewart M. Whipple* argued the cause for appellant. On the brief were Easley, Whipple & McCormick and Carl Robert Wells, of Portland.

*Stuart W. Hill* argued the cause for Respondent. On the brief were Tooze, Kerr, Hill & Tooze, of Portland.

Before LATOURETTE, Chief Justice, and ROSSMAN and PERRY, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from an order of the circuit court which, according to its recitals, quashed "the summons in this cause, the service thereof, and the return of the Sheriff with respect thereto, * * *."

The assignment of error reads as follows:

"The Court erred in making and entering its order quashing summons, service and return, which, omitting formal parts, reads:"

At that point the challenged order was quoted. We have already set forth its material parts.

The complaint was filed in the Circuit Court for Multnomah County. It alleges all of the following: The plaintiff is a dentist. The defendant is a Deleware corporation. Prior to April 29, 1952, the defendant manufactured and sold to the plaintiff a hypodermic needle for use in his dental practice in Eugene. The defendant warranted that the needle was sound and free from latent defects. April 29, 1952, the plaintiff injected the needle "into to the upper left molar and bicuspid area of the mouth" of a patient. The needle

was not fit for the intended purpose and broke in the patient's mouth. As a result of the breach of its warranty by the defendant, the plaintiff suffered damages in the amount of $862.

The bill of exceptions states that the plaintiff delivered the summons and a copy of the complaint to the sheriff of Multnomah county for service upon the defendant. It also states:

"Said summons and complaint were delivered by said sheriff in Multnomah County, Oregon, on March 18, 1953, to William Fraser, a sales representative of the defendant above-named."

"Thereafter", we are again quoting from the bill of exceptions, "defendant filed a motion to quash the summons, the service thereof and the return of the Sheriff with respect thereto, which said motion omitting formal parts read as follows:

"'Comes now the defendant and, appearing specially for the purpose of making this motion and for no other purpose whatever, moves the court for the entry of an order quashing the summons heretofore issued in this cause, the service thereof and the return of the sheriff with respect thereto, for these reasons:

"'(1) The defendant is a private corporation.

"'(2) W. H. Fraser, the person on whom the summons was served, is simply a sales representative of the defendant, and is not, nor was he on the date of such service, the president or other head of the defendant, vice-president, secretary, cashier, assistant cashier, or managing agent of the defendant, nor is or was he on the date of such service an attorney-in-fact designated by the defendant to receive and accept such service, nor was he on the date of such service a clerk or agent of the defendant residing in or found in the county in which the cause of action is alleged by the plaintiff to have arisen.

"'(3) He was served in Multnomah County,

Oregon, but there is no allegation in the complaint that the cause of action arose in that county.

" '*STATEMENT OF POINT RELIED UPON*

" 'This motion is based on Section 1-605, O.C.-L.A., as amended, which declares that service can be made on a sales representative only in the county in which the cause of action arose.' "

The bill of exceptions states that the court disposed of the motion by an order reading as follows:

"The motion to quash the summons, the service thereof, and the return of the Sheriff with respect thereto, heretofore filed on behalf of the above named defendant, having been brought on regularly for hearing, and the attorney for the plaintiff and the attorney for the defendant having presented their arguments in open court, and it appearing to the court that the said motion should be granted, and the court being fully advised in the premises,

"IT IS ORDERED that the summons in this cause, the service thereof, and the return of the Sheriff with respect thereto, be and they hereby are quashed."

It will be observed that the motion to quash was accompanied with a "Statement of Point Relied Upon" and that the latter declared: "This motion is based on Section 1-605, O.C.L.A., as amended". Amended § 1-605, OCLA, apart from two minor grammatical corrections which were made upon the suggestion of the Statute Revision Council, is now ORS 15.080; it follows:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

"(1) If the action is against a private corporation, to the president or other head of the corpo-

ration, vice-president, secretary, cashier, assistant cashier or managing agent, or, in case none of such officers reside or have an office in the county where the cause of action arose, then to any attorney in fact who may have been designated by the corporation to receive and accept such service, or to any clerk or agent of the corporation who may reside or be found in the county, or, if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent."

We copy the following from the defendant-respondent's brief:

" 'Respondent is a foreign corporation which has not qualified to do business in this state nor appointed any statutory agent for service herein, nor can any one county in the state be said to be its principal place of business as against any other county.'

"That sentence appears in Appellant's brief, page 13. While all the facts stated therein are not supported by the record, the entire statement is true and it is accepted as such by Respondent."

The motion to quash presented no contention that the defendant was not doing business in Oregon. By reverting to the motion, it will be observed that it stated:

"This motion is based on Section 1-605, O.C.L.A., as amended, which declares that service can be made on a sales representative only in the county in which the cause of action arose."

Rule 15 of the Circuit Court for Multnomah County says:

"An attorney interposing a  *  *  * motion *  *  * must subjoin thereto a statement of the specific points or propositions of law upon which he relies  *  *  *. Attorneys must use every effort

to advise the Court in advance of argument as to the legal significance of the  *  *  *  motion with a basic statement of the law supporting the same.''

Thus the motion confined its attack upon the service to a contention that § 1-605, OCLA, authorizes the delivery of the complaint and summons to a sales representative such as Fraser only in the county in which the cause of action arose. It is clear that when the circuit court considered the motion it had no particulars except those of which we have taken notice, for the respondent's brief declares:

"It is true that there were no further proceedings in the case and that no testimony was taken as to the status of Respondent or of William Fraser, the person on whom service was made. The respondent's position was based entirely upon the motion and the affidavit supporting it."

The affidavit to which the paragraph just quoted refers was made by respondent's counsel pursuant to a rule of the circuit court which requires every motion to be accompanied with an affidavit declaring that counsel submitted it in good faith. Thus we see that the defendant presented to the circuit court no contention that it was not engaged in business in Oregon when the service was made.

Notwithstanding the fact that the defendant did not include in its motion to quash the sheriff's return of service a contention that the defendant did no business in Oregon, its brief on appeal declares:

"There is nothing in the record (Abs. 1-9) which establishes that Respondent was engaged in business in Oregon when the summons was served on its sales representative.
*  *  *

"The sales representative in Oregon may have done nothing more than solicit orders in this state

and forward them to the principal office of the company in some other state. If that is true and if such orders were accepted at the principal office of the company and the merchandise was shipped from another state into Oregon, Respondent was clearly not engaged in business in Oregon. Winslow Lumber Co. v. Edward Hines Lumber Co., 125 Or. 63, 266 P. 248. Deardorf v. Idaho National Harvester Co., 90 Or. 425, 177 P. 33.

"Having failed to establish that respondent is engaged in business in Oregon, Appellant has failed to show that Respondent is subject to the jurisdiction of the courts of this state.

\* \* \*

"It is clear, therefore, that the motion to quash was properly granted as the return does not show that Respondent was doing business within the State."

From the foregoing it is seen that the defendant-respondent's brief wishes us to consider a contention which it did not submit to the circuit court. It asks us to sustain the challenged order by resort to a ground upon which the order does not rest. During oral argument counsel for the defendant-respondent manifested lack of confidence in his contention by declaring "there is little if any factual basis" for it.

We do not believe that the contention of which we have just taken notice is before us for consideration. We take the following from *McIntosh Livestock Co. v. Buffington,* 108 Or 358, 217 P 1017.

"The jurisdiction of this court is confined to a revision of the final decisions of the Circuit Courts, and except as enlarged by Section 2-b of the Organic Act conferring original jurisdiction upon it in *mandamus, quo warranto* and *habeas corpus* proceedings, it is not a court of original jurisdiction. Hence, upon appeal from a judgment in an action at law this court, in the exercise of its appellate powers,

is confined to the determination of questions which arise either upon an error apparent upon the face of the record or upon an exception taken at the trial to a decision of the Circuit Court, upon a matter of law which is material and affects the substantial rights of the parties. Except where the complaint fails to state facts sufficient to constitute a cause of action or where the court has no jurisdiction of the defendant or of the subject matter of the action, to which objection may be raised for the first time upon appeal, this court will not pass upon a question which was not presented to and did not become the duty of the Circuit Court to decide." *Murray's Estate,* 56 Or 132, 107 P 19, declares:

"The sureties by their brief contend for the first time that this proceeding is at law, and that they were entitled to a trial by jury in the circuit court. But it is too late to raise that question."

*Wallace v. Portland Ry., L. & P. Co.,* 88 Or 219, 159 P 974, holds:

"\* \* \* The plaintiff having assumed before the trial court the attitude of one urging that the testimony of the witness was offered and proper for the purpose of showing loss of service of the unborn child, she cannot disclaim that theory on appeal and urge that the evidence was proper for another purpose. In other words, she cannot mend her hold in this court but must be held to the scheme adopted by her at the trial: Stewart v. Mann, 85 Or 68, 77 (165 Pac. 590, 1169)."

*Rainier v. Masters,* 79 Or 534, 154 P 426, 155 P 1107:

"The case was avowedly tried on the assumption that the per diem compensation was the only proper measure of damages, and, this postulate having been adopted by the plaintiff, it is the only one which this court will consider. The complainant, having had its day in court on the feature of general damages and having refused to avail itself of its opportunity, cannot now mend its hold and reopen the litigation: \* \* \*."

*Edvalson v. Swick,* 190 Or 473, 227 P2d 183:

"It is well settled that the motion of an adverse party for a nonsuit or for a directed verdict must specify the grounds therefor; and that when such a motion is denied, the grounds stated therein are conclusive on the moving party, and he may not urge for the first time on appeal additional grounds for the motion. *Ingalls v. Isensee,* 170 Or. 393, 398, 133 P 2d 614."

3, 4. 4 CJS, Appeal and Error, § 241(h), p 483:

"Although there is some authority to the contrary, the prevailing doctrine undoubtedly is that a judgment or order, which was rendered upon one ground, cannot, in the appellate court, be sustained upon another and different ground which was not presented to the court below. * * *

"Where the reasons which control the making of an order or ruling are clearly insufficient, it cannot be sustained on the ground that the same order or ruling might have been made in the exercise of the discretion of the court."

■ From the foregoing we observe that courts generally conform to the rule that if a party had an opportunity to present to the trial court a contention which he later wishes the appellate court to consider, the latter will refuse to do so if he did not seek a ruling upon the issue from the trial court. Good reason supports the rule. For example, a disregard of it and a willingness of the appellate court to entertain contentions which remained unuttered in the circuit court would encourage appeals, delay the administration of justice and subject the other party to needless expense.

■ In 4 CJS, Appeal and Error, § 242, p 485, note is taken of the limitations and exceptions to the rule just stated. *Hanscom v. Irwin,* 186 Or 541, 208 P2d 330, is an example of an exception to the general rule. However, we know of no exception which is applicable in the

present instance. To the contrary, it may be that if the defendant had contended in the circuit court that it was not engaged in business in the State of Oregon, the plaintiff-appellant might have remedied the situation by amendment or by the presentation of proof. See *Cappon v. O'Day,* 165 Wis 486, 162 NW 655, 1 ALR 1657, cited in *Hanscom v. Irwin,* supra.

*Knapp v. Wallace,* 50 Or 348, 92 P 1054, held that a decree which foreclosed a mortgage against a foreign corporation was void upon collateral attack when the record did not indicate that the corporation was doing business in Oregon where its president was served. We do not think that the holding in that case sustains the order of the trial court which is challenged in this case. In the instance now before us, the motion presented no issue as to whether the record contained a recital of jurisdictional facts sufficient to sustain a judgment against the defendent-respondent. *Deardorf v. Idaho National Harvester Co.,* 90 Or 425, 177 P 33, and *Aldrich v. Anchor Coal Co.,* 24 Or 32, 32 P 756, hold that a corporation can enter a special appearance and contest the jurisdiction of the court in which an action is pending upon the ground that it is not doing business in the state. The defendant-respondent appeared specially in this case but presented no contention that it was not doing business in Oregon.

Due to the above considerations, we deem it our duty to hold that by not presenting to the circuit court a contention that it was not doing business in Oregon, the defendant-respondent waived the objection (*Heitkemper v. Schmeer,* 146 Or 304, 29 P2d 540, 30 P2d 1119) and that we must presume that it was doing business in this state when its sales representative was served with a summons and copy of the complaint. We shall so presume in all that follows.

A previous paragraph quotes ORS 15.080 and we now revert to it. The section had its genesis with Laws 1862. The parts which (a) begin with "or in case" and end with "action arose" and (b) begin with "or to any" and end with "clerk or agent" were inserted in the section by Laws 1876, page 37. The part which begins with "then to any attorney" and ends with "accept such service" made its way into the amended section by Oregon Laws 1949, chapter 19. Apparently the increasing use of the corporate form of doing business prompted the legislature to provide additional means whereby one who wishes to sue a corporation may obtain service of process upon it.

We observe that ORS 15.060 contains this provision:

"The summons shall be served by the sheriff of the county where the defendant is found, * * *."

Before proceeding further with a consideration of the sections of our laws which govern service of process we will take note of the one which governs venue. After ORS 14.040 to 14.080 have made provision for the venue of suits and actions which are unlike the one at bar, ORS 14.080 says:

"All other actions or suits shall be commenced and tried in the county in which the defendants, or one of them, reside or may be found at the commencement of the action or suit, * * *. If none of the defendants reside in this state the action or suit may be tried in any county which plaintiff may designate in his complaint."

The sole proposition submitted by the respondent which can be considered in support of the motion to quash is this: ORS 15.080 authorizes service upon a sales representative "only in the county in which the cause of action arose." The respondent, after having placed that construction upon 15.080, argues that the

order which quashed the service was proper since the appellant had not proved that the cause of action arose in Multnomah county—the county in which Fraser, the sales representative, was served. Therefore, the question which this case presents is this: Where may venue be laid in an action against a foreign corporation which does business in this state but which has no principal place of business here. This question necessarily arises in determining whether service of process may be obtained upon such a foreign corporation by serving one of its agents without first attempting to serve one of the officers mentioned at the beginning of ORS 15.080.

ORS 57.655 to 57.750 prescribe the course which foreign corporations, which do not confine their Oregon operations exclusively to interstate business, must take to gain authority to engage in business in this state. Included in the prescribed course is the appointment of a local agent upon whom process may be served: ORS 57.690 to 57.706. A reading of ORS 15.080 induces a belief that its draftsmen had in mind particularly foreign corporations which have complied with the laws of which we have just taken note when compliance with them is required. For example, the section employs the term "any attorney in fact who may have been designated by the corporation to receive and accept such service." If the protection of ORS 15.080 may be invoked, whether or not the foreign corporation complied with ORS 57.690 to 57.706, it offers a premium to those which do not, or need not, comply with those sections of our laws. We will illustrate. But first we take notice of the fact that ORS 15.080 contemplates the filing of the action in the county where the cause of action arose or in the county where the corporation maintains its principal place of business. *State ex rel. Massachusetts Bonding & Insurance Co. v. Updegraff*, 172 Or 246, 141

P2d 251; *Bailey v. Malheur Irrigation Co.,* 36 Or 54, 57 P 910. Accordingly, although a foreign corporation which complies with ORS 57.690 to 57.706 and appoints a local agent may be sued in either of the two counties just indicated, one which disregards our laws, or need not comply with them, and which maintains no principal place of business in this state, may be sued only in the county where the cause of action arose (assuming the correctness of the respondent's construction), and if it keeps its local representatives out of that county it may avoid suit in this state entirely. Likewise, if the cause of action did not arise in Oregon (see *State ex rel. Blackledge v. Latourette,* 186 Or 84, 205 P2d 849) it could not be sued at all in this state although other corporations, as well as individuals, would not be thus favored. We resort to another illustration. Corporations which restrict their Oregon operations to interstate business may be sued in Oregon (*Winslow Lumber Co. v. Edward Hines Lumber Co.,* 125 Or 63, 266 P 248) and in turn cannot be denied access to the Oregon courts when they wish to enforce a demand in their favor: *Mergenthaler Linotype Co. v. Spokesman Publishing Co.,* 127 Or 196, 270 P 519. Such corporations, of course, cannot be required to appoint a local process agent: *Mergenthaler Linotype Co. v. Spokesman Publishing Co.,* supra. If the respondent is right and if ORS 15.080 authorizes service upon the sales representative of a foreign corporation only in the county where the cause of action arose, then such a corporation, if it confines itself to interstate commerce and maintains no place of business in Oregon, can readily avoid suit in this state. Yet the state would be forced to accord it access to the Oregon courts whenever it wished to sue anyone. The fact that incongruous results would come from a construction of ORS 15.080 which rendered

its protection equally available to foreign corporations that do business in this state but which have not complied, or need not comply, with ORS 57.690 to 57.706, is an indication that the suggested construction cannot be the one which the legislature intended. The legislature never intends, through its enactments, to accomplish absurd results. Clearly, it never intends to reward those who flaunt our laws and render their condition superior to those who obey the law. Nor does it intend to place those who must comply with our laws in less favorable position than those to whom our laws do not apply. Therefore, those corporations which choose not to comply with our laws, when compliance is required, are in no position to demand that they receive the same treatment as to service of process and venue as those corporations which obey our laws.

The determination of where a cause of action arose often turns upon niceties which ignore such a practical matter as whether or not the transaction involved substantial contacts with persons in Oregon. If a foreign corporation has not complied with our laws, and if the cause of action technically did not arise here but involved substantial contacts with local people, the corporation would be able to escape suit in the Oregon courts if it can be sued only at its principal place of business or where the cause of action arose.

The facts in *Winslow Lumber Co. v. Edward Hines Lumber Co.*, 125 Or 63, 266 P 248, which were essential to the decision of the case, were similar to those now before us. Of the many cases cited by the parties, only the Winslow case substantially parallels the present ones. The Winslow case presented the following circumstances: (1) The defendant, a foreign corporation, had not complied with Oregon laws which require such corporations upon doing business in this state to ap-

point a local agent upon whom process may be served; (2) the defendant did business in Oregon; (3) the defendant maintained in Multnomah county a representative who secured from mills offers of lumber, but who had no authority to conclude contracts of purchase; (4) the plaintiff instituted in Multnomah county an action against the defendant upon a transitory cause of action which arose out of a lumber transaction; (5) service was had upon the defendant's Oregon representative in Multnomah county; (6) upon the defendant's motion, the service was vacated. The decision said:

"* * * We think that all of these activities taken together, * * * constitute doing business within the state, and that the defendant corporation is amenable to the courts of this state, either in actions arising within the state, or transitory actions, regardless of where they arose."

The decision also took note of the section of our laws which is now identified as ORS 14.080, and, referring in part to it, said:

"Plaintiff may therefore sue the defendant at any place personal service can be made upon the defendant."

We now turn to the paragraph of the opinion which ruled upon the propriety of service upon the defendant's local representative. It said:

"Defendant further contends that if defendant may be considered to be doing business in this state, the record does not show proper service on it. Defendant contends that since it had no duly appointed agent authorized to accept service, the only way it could be lawfully served was by leaving the papers with the corporation commissioner, under Section 6908, Or. L. This section is a part of the statute regulating foreign corporations doing busines

within the state. This applies only to corporations that are doing business as that term is used in the statute requiring such corporations to pay a fee and secure a license. Defendant has not complied with that law and contends in the instant case that its business is entirely interstate in nature. The record supports that contention. For that reason Section 6908, above, does not apply to the defendant. Defendant admits that C. L. Hall is its representative in this state. We think the service on Mr. Hall is sufficient: Or. L., § 55.''

■ Oregon Laws, § 55, which the decision cited in support of its holding that service upon the defendant's local representative was valid, has since been amended in the maner of which we have taken notice and is now ORS 15.080. We have expressed a belief that its draftsmen evidently had in mind especially foreign corporations which, in compliance with our laws, have appointed agents charged with authority to accept service. We believe, however, that the section can be construed reasonably to authorize service upon all foreign corporations. But when so construed it affords corporations such as the respondent no basis for claiming that its sales agents can be served only in the county where the cause of action arose. We think that the Winslow case correctly decided that phase. *State ex rel. Massachusetts Bonding & Insurance Co. v. Updegraff,* supra, reviewed the Winslow decision and took note of the circumstance that, although the Edward Hines Lumber Company, defendant in that case, did business in Oregon, ''it had failed to comply with the state laws in that connection.'' Referring to the Edward Hines Lumber Company, the Updegraff decision said:

''* * * None of its principal officers was within this state. No doubt the court's statement was correct as confined to the facts of that case and,

in our opinion, it does not conflict with anything which we have said herein.''

By the phrase ''anything which we have said herein'' the court meant its holding that foreign corporations which have appointed an Oregon agent are suable only in the county where the cause of action arose or in the county in which the corporation maintained its principal place of business.

The respondent does not have a principal place of business in Oregon and has not complied with our laws which govern foreign corporations.

■ We believe that *Winslow Lumber Co. v. Edward Hines Lumber Co.* reached the right result, and that a foreign corporation which does business in this state without complying with ORS 57.690 to 57.706, when compliance is required, may be subjected to suit in the county where its local representative may be found.

The above disposes of all contentions which are before us. In our belief, the assignment of error must be sustained.

The challenged order is reversed.