Submitted on records and briefs April 14, affirmed June 1, 1977

GILBERTS, *Petitioner,*

*v.*

EMPLOYMENT DIVISION, *Respondent.*

(No. 77-S-251, CA 7255)

564 P2d 1073

John H. Gilberts, M.D., Stayton, filed the brief pro se for petitioner.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

Thornton, J., dissenting opinion.

[ 597 ]

## SCHWAB, C. J.

Petitioner appeals from a referee's decision that petitioner, an employer, did not make a timely request for relief from charges to his account for unemployment benefits paid to a former employe.

In June of 1976 a person who had worked for petitioner during the latter part of 1975 applied for unemployment compensation. Being a "base year" employer,[1] petitioner was mailed notification on June 18, 1976, of the pro rata amount of benefits that the Employment Division intended to charge to his account.[2] Petitioner did not request relief from these charges until July 12, 1976. The Employment Division rejected petitioner's request as untimely. Petitioner requested a hearing. The referee reached the same conclusion, ruling that "[t]he law does not provide for any extension of the 10 day time limit."

We agree with the referee. As here applicable, ORS 657.471(7) establishes a two-step procedure whereby an employer may seek relief from charges to his account for unemployment benefits paid to a former employe. The first step is a written request for relief which prompts an investigation by the administrator:

> "* * * [The] employer may request relief of charges *within 10 days* after the mailing of such notice thereof to his last address * * *. Upon receipt of such notice from the employer the administrator shall *investigate* the separation * * *." ORS 657.471(7)(a). (Emphasis supplied.)

The administrator's investigation results in a determination order. The second possible step contemplated by

---

[1] " 'Base year' means the first four of the last five completed calendar quarters preceding the benefit year." ORS 657.010(1).

[2] "Subject to the provisions of subsections (2) to (7) of this section, benefits paid to an eligible individual shall be charged to each of his employers during the base year in the same proportion that the wages paid by each employer to the individual during the base year bear to the wages paid by all employers to that individual during that year." ORS 657.471(1).

the statute is that the employer may then request a hearing to contest the administrator's decision:

"The determination of the administrator under this subsection shall be final in all cases unless an application for *hearing* is filed within 10 days after delivery of such decision * * *." ORS 657.471(7)(c). (Emphasis supplied.)

The dissent fails to distinguish between the initial request for relief and investigation as distinguished from the subsequent possibility of a hearing. The statute authorizing extension of otherwise applicable time limits only applies, as here relevant, to the "period within which an interested party *may request a hearing.*" ORS 657.875. (Emphasis supplied.) This plain and unambiguous statutory language does not authorize any extension of the 10-day limit stated in ORS 657.471(7)(a) within which an employer must file written request for relief from charges.

Affirmed.

**THORNTON, J.,** dissenting.

My disagreement with the majority opinion centers on the narrow construction given to ORS 657.875, which is the provision authorizing relief from defaults.

The majority construes ORS 657.875 as not applying to requests for relief from charges imposed under ORS 657.471(7)(a).

Plainly, ORS 657.471(7)(a)[1] requires that an employer must request relief of charges for benefits

---

[1]ORS 657.471(7)(a) provides:

"(7) If a base-year employer, not otherwise eligible for relief of charges for benefits under this section, receives notification of an initial valid determination of a claim filed by an individual who:

"(a) Left work of such employer voluntarily and not attributable to the employer, such employer may request relief of charges within 10 days after the mailing of such notice thereof to his last address as shown by the records of the administrator. The request must advise the administrator in writing the date of such leaving and that such leaving was voluntary and not attributable to the employer and the reason

within 10 days after the mailing of such notice by the Employment Division. However, ORS 657.875 provides:

> "The period within which an interested party may request a hearing or file with the Employment Appeals Board an application for review as provided in ORS 657.265, 657.270, 657.471, 657.485, 657.679 and 657.681 may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case."

The intent of ORS 657.875, as I read it, is to authorize the Employment Division (or the Employment Appeals Board) in its reasonable discretion to grant an extension of time to an aggrieved claimant or employer who may have, for good cause, failed to file his objection to the enumerated administrative actions within the time fixed by law. ORS 657.875 specifically states that this relief applies to actions taken by the Division (or the Board) "as provided in ORS 657.265, 657.270, 657.471, 657.485, 657.679 and 657.681." Since the challenged action by the Division was taken pursuant to ORS 657.265 and 657.471, and the relief requested was provided for in the latter section, I believe that petitioner's request and showing of cause should have been considered by the Division as well as by the referee.

My conclusion is that the construction of ORS 657.875 adopted by the Division and followed by the majority is too narrow and contrary to the spirit and purpose of the statute.[2] A remedial statute such as

---

therefor. Upon receipt of such notice from the employer the administrator shall investigate the separation and if the resulting determination, which shall be made by the administrator, establishes that the leaving was voluntary and not attributable to the employer, that employer's account shall not be charged with benefits during that individual's benefit year. If the individual was reemployed by such employer prior to the filing of his initial valid claim, the employer shall not receive relief of his account under this subsection * * *."

[2] My research of the legislative history of ORS 657.875 has failed to reveal any expression concerning the purpose of adopting this particular provision.

ORS 657.875 should be liberally construed to accomplish the purpose for which it was enacted.[3] *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948); *Puget Sound B. & D. Co. v. S.U.C.C.,* 168 Or 614, 126 P2d 37 (1942). Further on the issue of narrow versus liberal construction, our Supreme Court has held that a liberal construction is called for as to ORS 18.160—the provision of our code of civil procedure authorizing relief from defaults suffered in court proceedings. ORS 18.160 is closely analogous in purpose to ORS 657.875. ORS 18.160 provides:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In my view, it is highly significant and strongly persuasive in the case at bar that the Oregon Supreme Court has held repeatedly that the provisions of ORS 18.160 are remedial in character and should be given a liberal construction so that "every litigant shall have his day in court and his rights and duties determined only after a trial upon the merits." *Fildew v. Milner,* 57 Or 16, 109 P 1092 (1910); *Peters v. Dietrich,* 145 Or 589, 27 P2d 1015 (1934); *Snyder v. Consolidated Highway Co.,* 157 Or 479, 484, 72 P2d 932 (1937).

Second, the construction the majority places on ORS 657.875 should be avoided because of another rule of construction, namely, because it produces an irrational and unreasonable result. Under the majority's construction, all tardy persons would be eligible to be considered for relief from default under this section for all types of remonstrances covered by the enumerated sections, *except requests such as we are dealing with here.* There appears to be no rational basis in terms of the plain purpose of ORS 657.875 for excluding from the benefits of this statute requests for

---

[3] A remedial statute is defined as one which gives a party a mode of remedy for a wrong where he had none, or a different one, before. *Perkins v. Willamette Industries, Inc.,* 273 Or 566, 542 P2d 473 (1975).

relief under ORS 657.471(7)(a) but authorizing this relief to all other tardy persons.

Under the rule applied in *State v. Irving,* 268 Or 204, 520 P2d 354 (1974), when the literal application of the language of a statute produces an absurd or unreasonable result, the statute must be construed, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the legislature.

Finally, and along the same line, I am totally at a loss to understand the purpose of the hearing which took place before the referee in the instant case. I refer to the following: Although the Division apparently felt obliged under ORS 657.875 to allow petitioner a hearing and did so, the proceeding was actually pointless because the referee simply followed the Division's announced policy and ruled that he was without authority to consider petitioner's request for relief. I must agree with petitioner, a nonlawyer appearing here pro se, that there is no purpose or logic in a public agency's granting a hearing on the one hand if on the other hand it then rules that no relief can legally be granted at such hearing, even if petitioner had established good cause for his tardiness. Such a result, I repeat, is not rational, could not have been intended by the legislature, and should not be permitted. *State v. Irving, supra; Fox v. Galloway,* 174 Or 339, 148 P2d 922 (1944).

As this court said in *Haas v. Myers,* 10 Or App 495, 501, 500 P2d 1068 (1972):

> "* * * The fact that an incongruous result would come from a suggested construction of a statute is another indication that the construction suggested by petitioner cannot be the one which the legislature intended. *Semler v. Cook-Waite Lab., Inc.,* 203 Or 139, 278 P2d 150 (1955); *Peters et al. v. McKay et al.,* 195 Or 412, 238 P2d 225, 246 P2d 585 (1952)."