MONDELL,
*Respondent - Cross-Appellant,*

*v.*

GRANT AMC/JEEP, INC. et al,
*Cross-Respondents,*
AMERICAN MOTORS SALES CORPORATION,
*Appellant - Cross-Respondent.*

(16-81-03477; CA A33018)

707 P2d 637

Robert D. Woods, Eugene, argued the cause for appellant - cross-respondent American Motors Sales Corporation and cross-respondents. With him on the briefs was Cass, Scott, Woods & Smith, Eugene.

Jeffrey E. Potter, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs was Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Plaintiff asserted several claims against multiple defendants; three of the claims were submitted to the jury. Plaintiff's seventh claim was asserted against one defendant only, American Motors Sales Corp. (AMSC), and was resolved in plaintiff's favor. Plaintiff's fifth and eighth claims were asserted against all defendants, and were resolved in defendants' favor. AMSC appeals from the judgment, and plaintiff cross-appeals against all defendants concerning his fifth and eighth claims.

AMSC's appeal concerns only the seventh claim, in which plaintiff sought compensatory and punitive damages for AMSC's failure to deliver a cash prize that plaintiff had won and in reporting to the Internal Revenue Service that plaintiff had been paid the prize, when in fact he had not. AMSC assigns as error the trial court's denial of its motion to remove plaintiff's claim for punitive damages from the jury. AMSC first argues that plaintiff's claim was based on a contract and that punitive damages are not available in contract actions. AMSC did not raise this point below, and we will not consider it. *Semler v. Cook-Waite Lab., Inc.,* 203 Or 139, 148, 278 P2d 150 (1954). In response to AMSC's other argument, we conclude that there was sufficient evidence of malice to justify submitting the issue of punitive damages to the jury.

Plaintiff's cross-appeal against all defendants assigns error to the trial court's denial of his motions to amend the fifth and eighth claims to conform to the evidence. The allegations that plaintiff sought to add were essentially the converse of those already pled. The evidence that was offered to prove the pleaded allegations was the same evidence pursuant to which plaintiff sought to amend. This is not a case in which, by failing to object, defendants consented to the trial of theories not pled. Defendants made a showing that they would be prejudiced by plaintiff's adding new theories for recovery at the close of the trial. The trial court did not abuse its discretion in denying plaintiff's motions. ORCP 23B.

Affirmed.