Argued September 6, reversed and remanded September 8, 1972

HAAS, *Respondent, v.* MYERS ET AL, *Appellants.*

500 P2d 1063

*Peter S. Herman,* Senior Counsel, Salem, argued the cause for appellants. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*John J. Haugh,* Portland, argued the cause for respondent. With him on the brief were O'Connell, Goyak & Haugh, P. C., Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

This appeal involves the construction and ap-

plication of a statute enacted by the 1969 legislature providing for the nonpartisan nomination and election of district attorneys. ORS 252.610 et seq.

Petitioner, who was one of two successful candidates for nomination for the position of District Attorney of Multnomah County for the term commencing January 1, 1973, brought a mandamus action to compel the Secretary of State to prepare an election ballot for the November 1972 general election for that office without including any 10-word statement of the qualifications and experience of the respective candidates. This statement is commonly referred to as the "ballot slogan." Similar provisions allowing slogans are contained in ORS ch 252 providing for the nonpartisan election of judges, superintendent of public instruction and justices of the peace.

Defendant demurred on the ground that the alternative writ failed to state sufficient facts to constitute a cause for relief. The trial judge granted a peremptory writ after overruling defendant's demurrer.

The gist of petitioner's writ is that under ORS 252.640 candidates for the office of district attorney are allowed to prepare and use a "statement, not exceeding 10 words, of * * * qualifications and experience, * * *" on ballots prepared for the primary election, but as to the ballots prepared for the general election, ORS 252.660 provides only that the ballot shall contain "* * * the names of candidates nominated * * *."

The question presented for our decision is, does ORS 252.660 require the Secretary of State in preparing the general election ballot for district attorneys

in a contested election to omit the ballot slogan therefrom.

ORS 252.660 provides:

"At the general election the county clerk shall prepare and furnish a ballot entitled 'District Attorney Ballot.' On the ballot there shall be printed the names of candidates nominated as provided by ORS 252.610 to 252.670. The *names* shall be printed upon the ballot without any party designation. The ballot may be on the same sheet as the general ballot used at the election." (Emphasis supplied.)

However, ORS 252.650 provides:

"If a candidate nominated under ORS 252.610 to 252.670 dies, withdraws or becomes ineligible, or if a vacancy occurs by death, resignation or otherwise in the office of district attorney on or after a day set for holding primary elections, or if a vacancy occurs before the primary election but within such time that a candidate for the vacancy could not be nominated at the election, candidates for the office shall be nominated in the manner provided for the nomination of independent candidates. *The certificate of nomination of any such candidate may contain a statement, not exceeding 10 words, of his qualifications and experience.* Notwithstanding ORS 249.720, the certificate shall not contain the word 'independent.' *The name of any candidate so nominated who has filed his acceptance of nomination shall be printed upon the District Attorney ballot in the same manner as the names of candidates nominated under ORS 252.640. A statement not exceeding 10 words of his qualifications and experience shall be placed on the ballot after the name of the candidate, if it was included in his certificate of nomination.*" (Emphasis supplied.)

Under a literal application of the two sections quoted above a candidate nominated under ORS

252.650 would be permitted a "ballot slogan" on the general election ballot, but a candidate nominated under ORS 252.640 would not be permitted to have such a slogan.

The thrust of the argument advanced by defendant Secretary of State is as follows: That ORS 252.640, 252.650 and 252.660 must be construed together, and that when so construed require the Secretary of State to set forth in the general election ballot for district attorneys the ballot slogan included in the primary election ballot. He argues that this construction is required here because such construction avoids the anomalous result that candidates nominated under ORS 252.650 would be permitted such statement in the general election ballot but a candidate nominated under ORS 252.640 would not be permitted such statement in the general election ballot.

Petitioner Haas contends that defendant's construction is untenable under established canons of statutory interpretation, and that defendant is ignoring the plain language of ORS 252.660 and has, in effect, rewritten this provision by supplying an omission therein.

We find a patent ambiguity in the applicable provisions. This arises from the fact that ORS 252.-660 does not state expressly that the general election ballot shall be in the same form as the primary election ballot as do the statutes dealing with other nonpartisan elections.[1]

The primary rule of statutory construction is to ascertain the legislative intent. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957). An

[1] See ORS 252.070, 252.200 and 252.560.

unambiguous statute should not be interpreted but should be enforced according to its clear language. *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972). But as we have already stated, here a patent ambiguity exists. Therefore we must resort to rules of construction in order to arrive at a solution to the present dispute. *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 272 P2d 965 (1954).

■ Courts may consider legislative history in aid of statutory construction and in determining legislative intent. However, our examination of the legislative history including the minutes, recorded testimony and exhibits of all committees of the 1969 legislative assembly which considered and acted on what is now the nonpartisan district attorney law, reveals no record of any discussion concerning the application of this provision.

■ The statutes quoted above are part of the same Act and must be construed together, giving effect to the manifest legislative intent, and meaning to each provision thereof, if possible. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966); *City of Portland v. Duntley,* 185 Or 365, 203 P2d 640 (1949).

An indication that the legislature intended that all successful nominees for the office of district attorney could have ballot slogans with their names in the general election, if otherwise in compliance with law, is found in ORS 252.650, quoted above, in that it says that the name of any replacement candidate selected after the primary election "shall be printed upon the District Attorney ballot *in the same manner* as the names of candidates nominated under ORS 252.640. A statement not exceeding 10 words * * * shall be placed on the ballot after the name * * *."

(Emphasis supplied.) If the legislature had intended to eliminate statements for other nominees, it is not likely that it would have provided for slogans for replacement candidates "in the same manner" as those for whom slogans had been eliminated.

■ If we were to follow the construction of the subject law urged by petitioner, a candidate nominated under ORS 252.650 would be permitted to use a ballot slogan in the general election, while a candidate nominated under ORS 252.640 would not. We agree with defendant that this would be an incongruous result. The fact that an incongruous result would come from a suggested construction of a statute is another indication that the construction suggested by petitioner cannot be the one which the legislature intended. *Semler v. Cook-Waite Lab., Inc.*, 203 Or 139, 278 P2d 150 (1955); *Peters et al. v. McKay et al.*, 195 Or 412, 238 P2d 225, 246 P2d 585 (1952).

■ Examining the entire Act and applying the above rules of construction we conclude that ORS 252.660, when read in conjunction with ORS 252.650 and 252.640, discloses a legislative intent to provide that the general election ballot should be in the same form as the primary election ballot, viz., the same ballot slogan must be printed on both, if one was printed on the primary ballot.

Reversed and remanded with instructions to enter an order sustaining defendant's demurrer and dismissing the peremptory writ.