Argued September 20, affirmed October 19, 1972

THIES ᴇᴛ ᴜx, *Respondents, v.* BARNES, *Appellant.*

501 P2d 1305

*James H. Spence,* Roseburg, argued the cause for appellant. With him on the brief were Washburn, Farrell & Spence, Roseburg.

*Kenneth A. Morrow,* Eugene, argued the cause for respondents. On the brief were Mulder, Morrow & McCrea, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This appeal is from a decree of the circuit court for Douglas County allowing petitioners John and Claudia (Barnes) Thies to adopt James Alan Barnes, a minor. Mrs. Thies is the natural mother of the child, which was born as issue of her previous marriage to James Barnes, the natural father, herein referred to as respondent. John Thies is her present husband.

The petition for adoption was filed June 28, 1971. Respondent James Barnes withheld his consent and contested the adoption.

Jurisdiction to proceed with the adoption in the absence of the natural father's consent was sought under ORS 109.324, which provides:

"* * * [I]f the court finds that such parent

has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent * * *."

A hearing was held on December 3, 1971, and the trial court found jurisdiction to proceed with the petition for adoption on the ground that under ORS 109.324 the consent of the natural parent was not required because he "neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption." A further hearing was held February 17, 1972, following which the circuit court entered its decree allowing the adoption.

The natural father appeals contending that the trial judge erred:

(1) In ordering that his consent to the adoption was not required;

(2) In denying the father's motion to dismiss the petition for adoption because of the lapse of more than six months between the filing of the petition and the decree of adoption (ORS 109.307(1)); and

(3) In allowing the petition for adoption.

The child was born May 29, 1963, and is now nine years of age. The natural mother and father were divorced July 19, 1965, and the mother has had physical and legal custody since the divorce. Both parties subsequently remarried. The child lives with the petitioners. The stepfather has provided almost the entire support for the child since 1965.

Respondent contends that while he did not make the $50 a month support payments required by the divorce decree he should be excused because of his financial straits during much of the one-year period preceding the filing of the petition. He also urges that he should be credited with several gifts to his minor son during the one-year period and a payroll deduction for health insurance covering the child.

Petitioners filed to adopt this child in Coos County in December 1969. A hearing was held at which Mr. Barnes appeared and contested the adoption. This petition was dismissed.

Although prior to the time period involved here, according to the evidence respondent first became delinquent in his support payments in 1967. He paid only $175 in 1968 and made no support payments from December 11, 1968, until after the petition to adopt was filed June 28, 1971, a period of approximately two and one-half years, except a payment of $25 in April 1971, which was apparently credited by mistake to his support obligation to his minor daughter by a subsequent marriage.

Reviewing the evidence and testimony concerning the respondent father's income and employment status between June 28, 1970, and June 28, 1971, the following appears: That on and prior to June 28, 1970, he was employed as a bartender-manager of a night club, earning approximately $350 to $400 a month; that he became dissatisfied with this job and quit voluntarily in August 1970 and was unemployed until February 1971; that he drew unemployment compensation for 17 weeks at the rate of $55 a week, and received a total of approximately $935 in unemployment compensation; that in February he went to work as a truck

driver and at first worked only occasionally. In April 1971 he received $446 as his share of a job bonus. In addition he testified that he received approximately $1,500 income from his work as a log truck driver. He estimated all of the above amounts, but brought no records of pay checks received, withholding slips, etc., and presented no other evidence of his earnings. The trial judge estimated his income during the one-year period as $2,881. Notwithstanding, respondent made no support payments, except as noted above.

The evidence shows that the monthly visitation privilege has been regularly exercised by respondent. Much of the time apparently the child was picked up at and returned to the Thies' home by respondent's mother. Of course respondent supported the boy during the one-month summer visitation provided by the divorce decree.

Relevant to the issue of respondent's willfulness in failing to provide support for his son is the fact that he had a fair warning by the prior adoption proceeding of the possible consequences if he again failed to provide such support.

■■ The trial judge after a careful review of the evidence and applicable case law concluded in a memorandum opinion "that there has been within the meaning of the statute [ORS 109.324] a wilful failure and neglect to provide proper maintenance for the child." After examining the entire record we arrive at the same conclusion. *Wilcox v. Alexander et ux,* 220 Or 509, 349 P2d 862 (1960); *State ex rel Juv. Dept. v. Draper,* 7 Or App 497, 491 P2d 215 (1971), Sup Ct *review denied* (1972). We agree that the incidental gifts were not a substitute for the required support payments. The respondent apparently never advised

petitioners of the existence of any health insurance coverage he had arranged for.

In his second assignment, respondent contends that the trial judge erred in denying his motion to dismiss the petition for adoption because of the lapse of more than six months between the filing of the petition and the decree of adoption, citing ORS 109.307. This statute, which was introduced in 1965 as HB 1501, and thereafter enacted, provides:

"(1) Not earlier than provided in ORS 109.310 and not later than six months from the date on which the petition for leave to adopt another is filed under ORS 109.310, the court before which the petition is pending shall hold a hearing and shall:

"(a) Enter a final decree under ORS 109.350;

"(b) Continue the guardianship or legal custodial status of the child;

"(c) Remand the child to a court having jurisdiction under ORS chapter 419; or

"(d) Take such other action as the court considers necessary.

"(2) The clerk of the court before which petitions for leave to adopt another are pending shall periodically notify the court of all such petitions which have been pending before the court for more than six months without final disposition pursuant to subsection (1) of this section."

■ Courts may consider legislative history in aid of statutory construction and in determining legislative intent. *Haas v. Myers,* 10 Or App 495, 500, 500 P2d 1068 (1972).

From an examination of the legislative history of the above statute, it appears that the intent of the legislature in enacting it was to insure that some form of action be taken by the court within six months and

that the proceeding would not be postponed indefinitely.[1]

Here the record shows that respondent could not be found in order to serve him with the necessary citation and copy of the petition until three months after the petition was filed. Notwithstanding this initial delay, the record shows that a show cause hearing was held on December 3, 1971, which was within six months of the filing of the petition. The trial judge limited the first hearing to the issue of whether or not respondent had willfully "* * * neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption * * *."

After this hearing was concluded the court took this matter under advisement, and on December 7, 1971, rendered its memorandum opinion. This was fully authorized by, and constituted compliance with, subsection (1)(d), which provides that "* * * the court * * * shall [within six months] hold a hearing and shall * * * (d) Take such other action as the court considers necessary."

On December 29, 1971, the court set a date for hearing on the adoption petition. This hearing was held on February 17, 1972. The decree allowing the adoption was entered February 28, 1972.

■ We conclude that the purpose of ORS 109.307 was to provide that henceforth in adoption proceedings

---

[1] Statement of Representative Chuinard, the chief co-sponsor of HB 1501, before House Judiciary Committee:

"Sets up a suspense procedure so that not later than 6 months from the filing of an adoption petition the court has to take some form of action. This suspense proceedure [sic] insures the fact that the proceedings won't be postponed indefinitely."

the trial judge is required to hold a hearing and take some appropriate action within six months of the filing of the petition. So long as the court complies with this requirement the fact that the proceedings may extend beyond the six-months' period does not render them invalid nor deprive the court of its jurisdiction.

■ Finally, as to the decree of adoption, a review of the entire record convinces this court that the best interests of this child would be served if the petition to adopt is granted. The evidence amply established that the prior arrangement providing for weekly visitations and annual residence of one month's duration with respondent was having an adverse effect upon the child.

According to the evidence, petitioners have a stable marriage and are providing a suitable environment for rearing the child. The family lives on a small farm; the household includes their own small daughter and Mr. Thies' two children by his previous marriage, of whom he has legal custody. The relationship between the child here involved and the petitioners is acceptable in every way.

No useful purpose would be served by detailing the life style of respondent and his demonstrated lack of a proper sense of parental responsibility toward his son. We conclude that the trial judge did not err in allowing petitioners to adopt James Alan Barnes.

Affirmed.