Argued May 22, affirmed June 18, 1973

BAUER, *Appellant, v.* POPPEN, *Respondent.*

510 P2d 1346

*Henry L. Bauer,* Portland, argued the cause for appellant. With him on the briefs were Barton C. Bobbitt and Bauer, Murphy, Bayless & Fundingsland, Portland.

*Robert D. Burns,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was Roger Rook, District Attorney, Oregon City.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Petitioner sought a writ of mandamus ordering the county clerk of Clackamas county to bring his system of recording certain documents, including trust deeds, into conformity with petitioner's interpretation of ORS 192.060. Following a hearing, the circuit court dismissed the alternative writ and this appeal followed.

Petitioner is an attorney who makes regular use

of the public records maintained by defendant county clerk. The evidence brought out at the hearing in the circuit court shows that the defendant county clerk has a recording system which utilizes microfilm. Defendant copies recorded documents (deeds, mortgages, etc.) by microfilming them, and the microfilm images are then kept in rolls.

Under defendant's recording system, each recorded document is identified by a number which consists of (1) a "year" prefix and (2) a number beginning with one in a particular year and consecutively thereafter during that year. For example, the first document recorded in 1970 would be numbered 70-1, the second document would be numbered 70-2, etc.

Each roll of microfilm accommodates several thousand documents. The evidence showed that a number of rolls are needed to accommodate all of the documents recorded in a given year, and that each roll is labeled only with the numbers of the documents contained within it and their dates of recordation. For example, the label affixed to the roll introduced into evidence at the hearing reads "INSTRUMENTS 72-29536 (9-29-72) to 72-31618 (10-16-72)."

The rolls are not given a "book or volume" number. Petitioner contends that this omission violates the provisions of ORS 192.060 which provide as follows:

> "All photocopies made under ORS 192.040 and 192.050 shall be properly indexed and placed in conveniently accessible files. Each roll of microfilm shall be deemed a book or volume and shall be designated and numbered and provision shall be made for preserving, examining and using the same."

Petitioner interprets the language "shall be deemed" as requiring that each roll of microfilm be designated a book or volume, and that it be assigned a book or volume number. The circuit court rejected this interpretation, as do we.

ORS 192.060 has a number of elements. It provides:

(1) That photocopies "shall be properly indexed and placed in conveniently accessible files";

(2) That "each roll of microfilm shall be deemed a book or volume";

(3) That each roll of microfilm "shall be designated and numbered"; and

(4) That "provision shall be made for preserving, examining and using" the microfilm.

We do not interpret the statute to mean that the second and third requirements are related or intertwined. Had the legislature intended this, it could easily have used such language as "each roll of microfilm shall be designated a book or volume" or "each roll of microfilm shall be deemed a book or volume and shall be so designated."

██ The words "shall be deemed," when used in their present context, import the same idea as "shall mean." *See* 39 Words and Phrases, "Shall be deemed" 171. *See also* construction of the word "deem" in 11A Words and Phrases, "Deem" 181, 185-86. We believe that the legislative intent was that such meaning should apply in ORS 192.060, and that the purpose of providing that rolls of microfilm "shall be deemed" to be books or volumes was to insure that parties engaged in activities involving public records would

not encounter difficulties because of the numerous statutes containing references to "book or volume."[1]

At the hearing petitioner introduced evidence that some other counties, including Multnomah county, utilize a system whereby each roll of microfilm is given a "book" number and each image within the microfilm "book" is given a "page" number. While it appears to us that such a system has a number of merits, we do not believe that it is mandated by the applicable statutes.

■ ORS 192.040-192.070 are all derived from chapter 351, Oregon Laws 1947. Since they were adopted at the same time and relate to the same subject matter (the use of photocopying methods for the preservation of public records), they should be read *in pari materia* and harmonized. *Cf. Haas v. Myers,* 10 Or App 495, 500 P2d 1068 (1972); *Dept. of Rev. v. Martin,* 3 Or App 594, 474 P2d 355, Sup Ct *review denied* (1970).

ORS 192.040 provides as follows:

"A state agency or political subdivision making public records or receiving and filing or recording

---

[1] For example, ORS 86.745 provides in pertinent part:

"The notice of [trust deed] sale shall set forth:

"* * * * *

"(3) The book and page of the mortgage records where the trust deed is recorded.

"* * * * * *."

and ORS 86.785, regarding requests for copies of notices of default or notice of sale, provides as follows:

"* * * The request shall contain * * * the date of recordation of the [trust] deed and the book and page where the deed is recorded. * * *"

In such cases no difficulty is foreseen in substituting the defendant's identification number for the book and page mentioned in the above statutes.

public records, may do such making or receiving and filing or recording by means of photocopying. Such photocopying shall, except for records which are treated as confidential pursuant to law, be made, assembled and indexed, in lieu of any other method provided by law, in such manner as the governing body of the state agency or political subdivision considers appropriate."

■■ Thus the particular agency or subdivision is given discretion to adopt a system of making, assembling, and indexing its records in such manner as its governing body "considers appropriate." It would be incongruous to recognize the broad discretion granted defendant and similar agencies in the manner of indexing records, and yet to adopt petitioner's interpretation of ORS 192.060, that "shall be deemed a book or volume" means "shall be designated a book or volume." On the other hand, the several statutes can be reconciled by an interpretation of "shall be deemed" as "shall be considered" or "shall have the same effect as," since such an interpretation does not impinge upon the discretion granted by ORS 192.040. We conclude that the latter is the correct interpretation, and that therefore defendant county clerk is not required to alter his recording system so as to assign a specific "book or volume" number to each roll of microfilm.

Affirmed.