Argued May 21, affirmed in part, reversed in part June 28,
reconsideration allowed August 1, former opinion adhered to
August 6, petition for review denied September 4, 1974

In the Matter of William Allen Casteel, a Child.

# STATE ex rel JUVENILE DEPARTMENT OF WASHINGTON COUNTY, *Respondent, v.* CASTEEL, *Appellant.*

523 P2d 1039

Argued and submitted May 21, 1974.

*Robert P. Bell,* Beaverton, argued the cause for appellant. With him on the brief were Myatt, Bolliger & Hampton, P. C., Beaverton.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This is an appeal from an order of the Washington County Juvenile Court remanding defendant for trial in "adult court, Pierce County, State of Washington." The order of remand was based on an allegation that defendant committed the crime of armed robbery in Pierce County, Washington.

Defendant appeals, arguing that under the terms of ORS 419.533① the Washington County Juvenile Court does not have authority to remand an Oregon juvenile for adult disposition in a court of the state of Washington.

---

① ORS 419.533 provides:

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older; and

Remand of a juvenile for disposition as an adult is provided by ORS 419.533. Subsection (1) (b) of that section provides that a juvenile may be remanded "to a circuit, district, justice or municipal court of competent jurisdiction" if the juvenile has "committed or is alleged to have committed a criminal offense."

Defendant strenuously contends that under the language of subsection (1) (b) just quoted that authority is limited to the Oregon trial courts.

Turning first to the applicable statutes, ORS 419.476 (1) (a) specifically provides:

"(1) The juvenile court has exclusive original

---

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public.

"(2) The juvenile court may enter an order directing that all cases involving violation of law or ordinance relating to the use or operation of a motor vehicle, boating laws or game laws be remanded to criminal or municipal court, subject to the following conditions:

"(a) That the criminal or municipal court prior to hearing a case, other than a case involving a parking violation, in which the defendant is or appears to be under 18 years of age notify the juvenile court of that fact; and

"(b) That the juvenile court may direct that any such case be remanded to the juvenile court for further proceedings.

"(3) After the juvenile court has entered an order remanding a child to an adult court for doing an act which is a violation or which if done by an adult would constitute a violation of a law or ordinance of the United States or a state, county or city, the court may enter a subsequent order providing that in all future cases involving the same child, the child shall be remanded to the appropriate court without further proceedings under subsections (1) and (2) of this section.

"(4) The juvenile court may at any time direct that the subsequent order entered under subsection (3) of this section shall be vacated or that a pending case be remanded to the juvenile court for further proceedings."

jurisdiction in any case involving a person who is under 18 years of age and:

"(a) *Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * \** "* * * * \**." (Emphasis supplied.)

ORS 419.482 (4) provides:

"*At any time after a petition is filed, the court in the circumstances set forth in ORS 419.533 may remand the case to the appropriate court handling criminal actions, or to municipal court.*" (Emphasis supplied.)

ORS 419.533 (3) provides in part:

"After the juvenile court has entered an ·order remanding a child to an adult court for *doing an act* which is a violation or *which if done by an adult would constitute a violation of a law or ordinance of the United States or a state, county or city * * \**." (Emphasis supplied.)

The above statutes are part of the same Act and must be construed together, giving effect to the manifest legislative intent, and meaning to each provision thereof, if possible. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966); *City of Portland v. Duntley,* 185 Or 365, 203 P2d 640 (1949); *Haas v. Myers,* 10 Or App 495, 500, 500 P2d 1068 (1972).

The primary rule of statutory construction is to ascertain the legislative intent. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957); *Haas v. Myers,* supra, 10 Or App at 499.

█ It is our conclusion that the legislature in enacting our juvenile code intended that the juvenile court was empowered in a proper case to take jurisdiction

of, and inquire into, an act committed by an Oregon juvenile in a jurisdiction other than the state of Oregon, i.e., the state of Washington in the present case. An express indication that this was the legislative intent is evident from the references quoted above to "* * * a violation of a law or ordinance of the United States or a state * * *."

In *State v. Arenas,* 253 Or 215, 453 P2d 915 (1969), also a juvenile proceeding, our Supreme Court noted:

"The Legislative Interim Committee which recommended the juvenile code, including the above-quoted statute, stated concerning * * * [ORS 419.476 (1) (a)]: 'The inclusion of violations of laws of other jurisdictions, though inconsistent with ordinary criminal law, is consistent with the juvenile law's purpose to deal with the child because he needs corrective treatment, not because he is "guilty" of a "crime." ' " 253 Or at 220-21.

As we understand the facts in the instant proceeding from the record, this juvenile was never brought before any court in the state of Washington. To "remand" a case is to send it back to the court from which it came. *Hadlock v. Cupp,* 1 Or App 62, 65, 457 P2d 666, Sup Ct *review denied* (1969); *State ex rel Norfleet v. Swafford,* 184 Tenn 340, 198 SW2d 1007 (1947); *State v. Slater,* 72 Idaho 383, 241 P2d 1189 (1952). If a juvenile court "remands" a child to another court, it would appear to be implicit by the use of that term that the other court should have previously acquired jurisdiction over the juvenile and the offense in the first instance, and thereafter relinquished its jurisdiction. As we noted in *Hadlock v. Cupp, supra* at 65, in discussing this point, "* * * [i]t seems reasonable * * * to believe the legislature intended, in some situations, something more than the pure meaning of

the word 'remand' in the context in which it is in ORS 419.533." We believe that the term 'waiver' rather than 'remand' more accurately describes what the legislature intended, as well as the action which the juvenile court is authorized to take under the facts involved herein.

■■ In final analysis, the "remand" action of the Washington County Juvenile Court can have no more legal effect than a relinquishment of its jurisdiction over the child. It is axiomatic that the laws of a state have no extraterritorial effect. *Deardorf v. Idaho Nat. Harvester Co.,* 90 Or 425, 433, 177 P 33 (1918). The authority of every state tribunal is necessarily restricted by the territorial limits of the state in which it is established, and any attempt to exercise authority beyond those limits is an illegitimate assumption of power. *Pennoyer v. Neff,* 95 US 714, 24 L Ed 565 (1877). What action, if any, is to be taken by the state of Washington in relation to this juvenile is a matter for the Washington authorities to determine.[2] As was said in a slightly different context in *Ex parte Jetter,* 495 SW2d 925 (Tex Cr App 1973):

> "Whether appellant will have to be certified as an adult to stand trial for the crime in the State of Florida once she is extradited is a question for the courts of the State of Florida to determine and not one for the courts of the State of Texas * * *."

We conclude that under ORS 419.533, the juvenile court of Washington County was authorized to waive

---

[2] Procedures under the Interstate Compact on Juveniles (ORS 417.010 to 417.080) as well as extradition may be available should Washington authorities desire to have this juvenile returned to the state of Washington for further proceedings. It would appear also that Washington would still have the option to treat defendant as a juvenile. *See,* RCW 13.04.010 and 13.04.120.

its jurisdiction over this juvenile as to this alleged offense. To that extent the order of the court is affirmed. However, so much of the court's order as purports to transfer jurisdiction over this juvenile to the adult court in Pierce County, Washington, is vacated and set aside.

Affirmed in part; reversed in part.