Argued October 24, affirmed December 23, 1974

# THE MANN HOME, *Petitioner*, v. MORGAN, *Respondent*.

529 P2d 964

*Vawter Parker,* Portland, argued the cause for petitioner. With him on the brief were Dezendorf, Spears, Lubersky & Campbell and James C. Dezendorf, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This case involves the construction and application of certain provisions of our Unemployment Compensation Law dealing with nonprofit corporations.

Petitioner seeks judicial review of a decision of an Employment Division referee requiring petitioner to reimburse the Unemployment Compensation Trust Fund (Fund) for benefits paid to three of petitioner's former employes. Both parties agree that all three employes left their employment voluntarily and without good cause.

Petitioner is a nonprofit corporation and is duly licensed to operate a home for the aged. Petitioner applied to respondent to be relieved of charges to its account for the above unemployment benefits, claiming that ORS 657.471 (3)[1] relieves it of those charges. It appears from an examination of the record that petitioner does not contest the initial determination of the administrator that the former employes were entitled to benefits, but only the charge to its account of the benefits paid. From this we infer that the three employes in question had served out their respective periods of disqualification as provided in ORS 657.176, and had duly requalified themselves for benefits.

The referee determined that ORS 657.471 does not apply to petitioner, and ruled that petitioner was required to pay into the Fund the total amount of benefits paid.

The central issue before us is whether a nonprofit organization electing to reimburse the Fund in lieu of paying a payroll tax is entitled to the benefit of the noncharging provisions of ORS 657.471 (3).

Under our unemployment law (ORS ch 657) all employment is covered unless specifically excluded. Benefits paid to a claimant are paid out of the Fund maintained through payroll taxes paid by employers subject to ORS ch 657. The amount of an employer's tax rate is based upon benefits charged to his account. In arriving at an employer's tax rate, benefits paid to

[1] ORS 657.471 (3) provides:

"Benefits paid to an individual for unemployment immediately after the expiration of a period of disqualification for having left work of an employer voluntarily without good cause shall not be charged to that employer."

an employe who has voluntarily and without good cause left employment are not charged against an employer. ORS 657.471 (3).

Under ORS 657.505 (7)(a) a nonprofit organization has the option either (a) to pay taxes on its payroll, or (b) to reimburse the Fund for the amount of benefits actually paid to its separated employes. Petitioner elected to reimburse the Fund in lieu of paying payroll taxes.

Petitioner has contended throughout the controversy that ORS 657.471 (3) is applicable to both payroll taxpaying employers and reimbursing employers. The respondent takes the contrary view and asserts that the long-continued administrative interpretation of this section has always been that nonprofit corporations are not entitled to claim the benefits thereof.

We begin our analysis of the statutes involved by noting that ORS 657.471 (3) does not expressly exclude reimbursing employers or limit its provisions to taxpaying employers, but only uses the general term of "employer." Likewise ORS 657.505 does not exclude a reimbursing employer from the provisions of ORS 657.471 (2).

We are thus confronted with a statutory ambiguity. Therefore recourse to the rules of statutory construction is necessary in order to resolve the present dispute. *Haas v. Myers,* 10 Or App 495, 500 P2d 1068 (1972).

The primary rule of statutory construction is to ascertain legislative intent. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957); *Banif Corporation v. Black,* 12 Or App 385, 507 P2d 49 (1973). Many factors have been taken into consideration in

ascertaining legislative intent: the language used, the object to be accomplished, the legislative history and avoidance of absurd results. *Fox v. Galloway,* 174 Or 339, 148 P2d 922 (1944); *Banif Corporation v. Black,* supra; *Haas v. Myers,* supra.

An examination of the Unemployment Compensation Law in its entirety discloses that the Fund is supported entirely by payroll taxes paid by taxpaying employers. Thus while payroll taxpaying employers are required to make fixed and regular contributions to the Fund, the so-called reimbursing employers (which includes petitioner) make no such contributions.

■ If we were to adopt the construction of ORS 657.471 (3) urged by petitioners, this would result in the payment of benefits from the Fund without a corresponding payment of taxes or reimbursement of the Fund by the employer with respect to these former employes. The courts will not give an interpretation to a statute which produces an inconsistent or unreasonable result. *Didier v. S.I.A.C.,* 243 Or 460, 414 P2d 325 (1966); *Haas v. Myers,* supra.

We agree with the state that the legislature could not have intended to give reimbursing employers a "free ride" at the expense of taxpaying employers.

■ Petitioner also points to the fact that after the present issue was raised, the legislature adopted Oregon Laws 1973, ch 118, § 4 (ORS 657.504), which expressly provides that reimbursing employers are not entitled to claim the benefits of ORS 657.471. Petitioner argues that this shows that prior to the 1973 amendment reimbursing employers were entitled to claim the

benefits of ORS 657.471. This contention is likewise without merit.

On February 16, 1973, when the above amendment was before the House Committee on Labor and Industrial Relations, the committee minutes show that a spokesman for the Employment Division, which was the proponent of the amendment, appeared before the committee and testified as follows:

> "Federal law requires that reimbursing nonprofit employers reimburse the Fund for all of regular benefits and one-half of extended benefits applicable to wages paid by such nonprofit unit. While this fact is stated in present [ORS] 657.505 (7)(a), a new section, Section 4 of this 1973 Act, is being added to insure that all are aware that reimbursing employers cannot be relieved of benefit charges regardless of the circumstances involved." Minutes, House Committee on Labor and Industrial Relations, February 16, 1973.

■ As stated by our Supreme Court in *Kaiser Cement v. Tax Com.*, 250 Or 374, 378, 443 P2d 233 (1968):

> "It is a well established rule in Oregon that 'an amendment to an act may be resorted to for the discovery of the legislative intent in the enactment amended.' *Roy L. Houck & Sons v. Tax Com.*, 229 Or 21, 31, 366 P2d 166 (1961) * * *."

In some situations, as in this case, the amendment may be a declaration of the meaning of the statute. *Layman v. State Unemp. Comp. Com.*, 167 Or 379, 117 P2d 974, 136 ALR 1468 (1941); *Kaiser Cement v. Tax Com.*, supra.

From our examination of the legislative history of ORS 657.504, which expressly excludes reimbursing employers from the provisions of ORS 657.471, it is evident that the legislature was merely declaring exist-

ing law, and explicitly telling all nonprofit organizations that reimbursing employers are not relieved of benefit charges.

■ Petitioner further contends that it has been denied due process and equal protection of laws. Petitioner argues that the Employment Division has by informal practice or custom established a policy directly and significantly affecting petitioner's rights.

This argument is likewise without merit. There is no informal practice or custom involved here, as was the case in *Sun Ray Dairy v. OLCC,* 16 Or App 63, 517 P2d 289 (1973), cited by petitioner. Interpretation of its own statutes by an administrative agency is an entirely different process than the adoption by the same agency of regulations necessary to the carrying out of legislatively delegated authority, e.g., issuance of liquor licenses by the Oregon Liquor Control Commission as in *Sun Ray.* Here, the Employment Division is merely enforcing a statute, a function which requires it to interpret the statute—a legitimate administrative function. *Cf., Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965); *Sch. Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 634, 514 P2d 1114 (1973).

Affirmed.