UNEMPLOYMENT INSURANCE
APPEAL BOARD, Appellant,

v.

The WILMINGTON MEDICAL
CENTER, INC., Appellee.

Supreme Court of Delaware.

Submitted Sept. 20, 1976.

Decided Jan. 11, 1977.

Jay H. Conner, Wilmington, for appellant.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

■ In this appeal from the Superior Court the issue is whether, under our Unemployment Compensation Act, the statutory language "attributable to service in the employ of such nonprofit organization," 19 Del.C. § 3345(c)(3),* makes a nonprofit employer electing the reimbursement method

---

\* 19 Del.C. § 3345(c)(3) provides:

"Any nonprofit organization or group of organizations, described in § 501(c)(3) of the Internal Revenue Code [26 U.S.C.A. § 501(c)(3)] which is exempt from income tax under § 501(a) of such Code, which pursuant to § 3302(7)(C) of this title, is or becomes subject to this chapter on or after January 1, 1972 shall pay assessments under the provisions of subsections (a) and (b) of this section and § 3348

of this title unless it elects, in accordance with this subsection, to pay to the Department for the Unemployment Compensation Fund an amount equal to the amount of the regular benefits and of one half of the extended benefits paid, that is attributable to service in the employ of such nonprofit organization, to individuals for weeks of unemployment which begin during the effective period of such election."

of assessment chargeable for unemployment compensation payments made to former employees leaving such employ without entitlement to compensation. We agree with the Superior Court that such payments are not chargeable, for the reasons stated in that Court's opinion in this case, *Wilmington Medical Center v. Unemployment Insurance Appeal Board*, Del.Super., 346 A.2d 181 (1975), and those stated below.

■ Appellant, Unemployment Insurance Appeal Board, contends that "attributable to service" requires a nonprofit reimbursement employer to reimburse for unemployment compensation given former employees, even though no entitlement existed when the employment terminated. An examination of the Federal Statute mandating unemployment coverage for nonprofit employers, 26 *U.S.C.* § 3309 (1970), and legislative history pertinent thereto, 2 *U.S.C.C. A.N.* pp. 3606–49 (1970), impels the conclusion that such compensation was not intended to be chargeable to a nonprofit employer. As no statutory definition of "attributable to service," nor relevant Delaware legislative history exists we apply the mode presently used for calculating other employer assessments, which excludes payments to employees leaving without entitlement, from calculation of the assessments. See 19 *Del.C.* §§ 3315(1)–(2), 3350. Whether the period of employment with the nonprofit reimbursing employer is used in the calculation of benefits is not determinative of the amount assessed.

We find the case of *Mann Home v. Morgan*, 19 Or.App. 853, 529 P.2d 964 (1974), which held that similar payments were chargeable to a nonprofit reimbursement employer, unpersuasive for several reasons: (1) in that case there was no intervening employer, as there was here; (2) the *Mann Home* Court found a state legislative intent that the payments be chargeable, a factor absent here; and (3) perceived a Congressional intent that the payments be chargeable, a conclusion at variance with our analysis of Federal legislative history.

AFFIRMED.