**LESTER E. COX MEDICAL CENTER and Springfield General Osteopathic Hospital, Respondents,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and the Division of Employment Security, Appellants.**

No. WD 30790.

Missouri Court of Appeals,
Western District.

Sept. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Rick V. Morris, Jefferson City, for appellants.

Donald W. Jones, Springfield, for respondents.

Before WASSERSTROM, C. J., Presiding, and KENNEDY and PRITCHARD, JJ.

KENNEDY, Judge.

The case now before us is an appeal from the Circuit Court of Cole County, which reversed a decision of the Labor and Industrial Relations Commission holding that respondent hospitals, Lester E. Cox Medical Center and Springfield General Osteopathic Hospital, were not liable for reimbursement of certain unemployment benefits paid to ex–employees of the hospitals. The time period involved is 1973 and 1974. The unemployment benefits so paid were in each of five cases (consolidated in the trial court and here because involving a single question, common to all) of a character which are not specifically charged to the account of any particular employer. The statutory provisions so providing are called the "non–charging" provisions. Sections 288.070.7 and 288.100.1(4)(a), (b), (c), (d) and (e).[1] As a general thing, unemployment benefits paid to an ex–employee are charged to the accounts of his employers during the base period–but certain benefits paid to ex–employees are, in the language of the above cited sections, "not chargeable to any employer". As stated above, it is the latter kind which we have under examination here. They are paid from the Unemployment Compensation Fund, made up of payments from employers, earnings thereon, and contributions from the Federal Government, § 288.290.

Respondent hospitals are qualifying non–profit organizations which have elected, as allowed by § 288.090.3 (1) "to pay to the division for the Unemployment Compensa-

---

1. All references to statutes are to RSMo 1978.

tion Fund an amount equal to the amount of ... benefits ... paid, that is attributable to service in the employ of such ... non–profit organization". This system of reimbursing the Fund for benefits paid to unemployed workers is in lieu of the requirement for most employers that they make regular contribution on a quarterly basis to the Fund, based upon a percentage of wages paid during the quarter. Their contributions, or taxes, are credited to their accounts and benefits paid to their ex–employees are charged against the same. The rate begins at 2.7% of wages paid, § 288.-090.2, then is changed upward or downward depending upon a number of factors, the most important of which is the amount of unemployment benefits paid and charged to the employer's account. The latter employers are referred to as "contributing employers", while the electing employers, including respondent hospitals, are called "reimbursing employers".

Respondent hospitals focus upon the language of the non–charging provisions of the two statutory sections which says that the benefits paid are "not chargeable to any employer". The term "employer" means reimbursing employer as well as contributing employer, they argue. Appellants maintain, on the other hand, that the non–charging provisions apply only to contributing employers.

*"Non–charging" provisions of § 288.100.*

■ We take up first the non–charging provisions of § 288.100. These we think do not apply to reimbursing employers such as these hospitals. In the context of § 288.100 they apply only to contributing employers. The whole section deals with the contributing employer, the account with which his contributions are credited, the charging of his account with benefits paid to claimants, and so forth. As we come to the non–charging provisions of Subsections 1 (4)(a), (b), (c), (d) and (e) thereof, there is nothing to indicate that the term "employer" is

intended at that point to be broadened to include the reimbursing employer. Had the Legislature intended that "employer" in those provisions be enlarged to include the reimbursing employer, it should have been made plainly to appear.[2] *Mann Home v. Morgan*, 19 Or.App. 853, 529 P.2d 964, 967 (1974). The Director of Labor and Industrial Relations was therefore correct in charging to respondents the benefits described in these non–charging provisions paid to respondents' former employees.

*"Non–charging" provisions of § 288.070.7.*

We have dealt with the non–charging provisions of § 288.100.1 (4), and have determined that the legislative intent was that such provisions did not apply to reimbursing employers such as these hospitals.

■ With respect to § 288.070.7, we find no such intent. The whole section deals with claims for benefits, procedure, and payment pending appeals. Whenever the word "employer" is used throughout the entire section, it clearly applies to all employers, whether reimbursing or contributing. When it comes to paragraph 7 thereof, there is no reason to believe that when it says certain benefits therein described "shall not be chargeable to any employer", that it means to apply only to "any *contributing* employer". There is no ambiguity here, no room for construction. It plainly applies to reimbursing employers, such as these hospitals, as well as to contributing employers.

This interpretation of § 288.070.7 is borne out by the fact that the Legislature in 1975 adopted the amendment, referred to elsewhere in this opinion, which specifically removed reimbursing employers from the non–charging provisions of 288.100, although as we hold herein, that amendment was simply a clarifying enactment, declarative of existing law. See fn. 2, *supra.* That the amendment declared those non–charg-

---

**2.** Sec. 288.090 has been amended specifically to provide since 1975 that the non–charge provisions of § 288.100 do not apply to reimbursing employers. Sec. 288.090.3 (1)(a). We treat this as clarifying the law as it then existed,

rather than making any change in the meaning of § 288.100.1 (4) and subparts. *State ex rel. LaClede Gas Co. v. P.S.C.*, 535 S.W.2d 561 (Mo.App. 1976); I A Sutherland, Statutory Construction, § 22.30.

ing provisions inapplicable to reimbursing employers, and left untouched the non–charging provision of § 288.070.7 (which on its face applies to reimbursing employers), indicates a legislative interpretation of § 288.070.7 that accords with the interpretation we have given it. 2 A Sutherland, Statutory Construction, § 49.11.

The Labor and Industrial Relations Commission was therefore in error in assessing the payments, declared non–chargeable by § 288.070.7, against respondents.

*Unemployment benefits attributable to service in the employ of hospitals.*

 The hospitals then point out that they are responsible for reimbursements only of benefits paid which are "attributable to service in the employ of such employer". Sec. 288.090.3 (4). They argue, aside from the "non–chargeable" language of § 288.100.1 (4), that the benefits herein described are not "attributable" to service in the hospitals' employ and they are therefore excused from reimbursement. They contend for a narrow meaning for the quoted phrase, citing *Wilmington Medical Center v. Unemployment Insurance Appeal Board*, 346 A.2d 181, 183 (Del.Super. 1975), *aff'd* 373 A.2d 204 (Del. 1977). In that case it was held that benefits paid to ex–employees who left the hospital's employment under circumstances which rendered them ineligible for benefits at the time (for example, who voluntarily quit work for the hospital or were discharged for misconduct) but who later became eligible upon leaving a subsequent employer, were not "attributable to service in the employ of [the hospital]". We cannot adopt that decision's narrow interpretation of the phrase "attributable to service in the employ of such employer". The relationship which must be sought is the relationship between the *benefits paid* and the *services rendered to the employer*. The benefits paid are based upon the wages received, for services rendered, from employers during the base period, be they one or many and be they contributing or reimbursing. We conclude therefore that benefits paid are attributable to service in the employ of the hospitals if they

are based upon wages paid to the employee by the hospital during the base period. *See also Maryland Employment Security Admin. v. Holy Cross Hospital*, 405 A.2d 766 (Md.App. 1979).

*Conclusion.*

The judgment of the trial court is reversed and the decisions of the Labor and Industrial Relations Commission reinstated, except as to those charges assessed against respondents which are for benefits paid as described in § 288.070.7. As to the § 288.-070.7 benefits included in the charges assessed against respondents, the judgment of the trial court is affirmed. The cases are remanded to the trial court to be in turn remanded to the Division of Employment Security for recomputation of the reimbursement assessments in accordance with the opinion.

All concur.