Argued and submitted November 26, 1984, reversed and remanded June 5, 1985

## ROSEN,
*Appellant,*

*v.*

## WRIGHT,
*Respondent.*

## (A8302-00808; CA A31152)

701 P2d 785

Garry L. Kahn, P.C., Portland, argued the cause for appellant. With him on the briefs was Emerson G. Fisher, Portland.

M. Robert F. Smith, Portland, argued the cause for respondent. With him on the brief was Zikes, Kayser, Freed, Smith & Heald, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this claim for personal injuries the critical issue at trial was whether plaintiff-pedestrian had the right of way or was "jaywalking" when he was struck by defendant's automobile. The resolution of this issue requires the interpretation of ORS 487.005(4)(a), which defines an unmarked crosswalk.

Plaintiff contends that the trial court erred, first, in prohibiting him from arguing his theory of the case to the jury and, second, in submitting the statute's interpretation to the jury as a question of fact for its determination. We agree with plaintiff's contention and conclude that a new trial is necessary because the trial court abdicated its responsibility to interpret the statute. Accordingly, we reverse.

Plaintiff was crossing Union Avenue, from east to west, at or near the south side of Southeast Alder Street in Portland. At this point, Union Avenue consists of four lanes of one-way southbound traffic. Two vehicles had stopped to allow plaintiff to cross when defendant's car passed between the two stopped vehicles and struck plaintiff. At trial, the parties disputed whether plaintiff was inside a crosswalk when the accident occurred. Because there is no marked crosswalk across Union Avenue joining the sidewalks on the south side of Alder Street, it was necessary to determine whether plaintiff was inside the boundary of an unmarked crosswalk as defined by ORS 487.005(4)(a), which provides:

" 'Crosswalk' means:

"(a) Except as provided in paragraph (b) of this subsection, that portion of a roadway at an intersection included within the connections of the lateral lines of the sidewalks, shoulders or a combination thereof on opposite sides of the street or highway measured from the curbs or, in the absence of curbs, from the edges of the traveled roadway; or the prolongation of the lateral lines of a sidewalk, shoulder or both, to the sidewalk or shoulder on the opposite side of the street, if the prolongation would meet such sidewalk or shoulder; or, if there is neither a sidewalk nor a shoulder, that portion of a roadway at an intersection measuring not less than six feet in width that would be included within the prolongation of the lateral lines of the sidewalk, shoulder or both on the opposite side of the street or highway if there were a sidewalk. Except as provided in paragraph (b) of this subsection, if there is a sidewalk, shoulder, or both, a

> crosswalk shall be not more than 20 feet in width measured from the prolongation of the lateral line of the roadway toward the prolongation of the adjacent property line."

The parties offered different interpretations of the statute. Plaintiff argued to the court that the statute provided for an unmarked crosswalk in the shape of a *parallelogram* with the width of the sides determined by the width of the sidewalk on the southeast corner of the intersection. Defendant argued to the court that the statute provided for an unmarked crosswalk in the shape of a *trapezoid* with the width of the sides determined by the width of the sidewalks on both corners of the intersection. Defendant's argument sought the conclusion that plaintiff was "jaywalking." The parties' contentious interpretations are significant because Alder Street's south sidewalks are 12 feet wide on the east side of Union Avenue and eight feet wide on the west side.[1]

Rather than definitively construing ORS 487.005(4)(a), the court equivocated. Initially, in a colloquy with counsel, outside the presence of the jury, the court seemingly concluded that defendant's trapezoid interpretation was correct. In fact, it directed plaintiff's attorney not to argue to the jury his theory of the geometric shape of the croswalks. Subsequently, however, when the court instructed the jury on unmarked crosswalks, it reversed itself and chose not to interpret the statute. Instead, it simply recited the statute and instructed the jury to construe it. The court's instruction concluded with the following:

> "But, we've gone over this and it's not an easy problem to try to give a definition of just what fits an unmarked crosswalk in all situations. But, that issue is determined to — for your determination, along with the other facts in the case."

The court, however, said nothing to indicate that plaintiff's counsel was freed from the previously imposed restraint on his jury argument. We agree with plaintiff's attorney's assessment of his predicament: He was suddenly put in a legal "no-man's land."

The jury returned a defense verdict, finding plaintiff 70 percent negligent and defendant 30 percent negligent.

---

[1] See page 89.

■    First, we hold that the court erred in its instruction to the jury on the definition of an unmarked crosswalk contained in ORS 487.005(4)(a). The statute is subject to interpretation because its terms are inexact. *See, e.g., Haas v. Myers,* 10 Or App 495, 500, 500 P2d 1068 (1972). It is axiomatic that the determination of the meaning of a statute is a question of law for the court. Therefore, the court erred when it failed to interpret the statute for the jury and chose instead to submit the issue of the statute's meaning to the jury for its determination. *James v. Carnation Co.,* 278 Or 65, 76, 562 P2d 1192 (1977).

Second, we hold that defendant's interpretation of ORS 487.005(4)(a) is correct. The almost interminable first sentence of the statute is broken by semicolons into separate parts that depict distinct situations. The first part defines an unmarked crosswalk when, as in this case, two roadways with sidewalks or shoulders intersect. The crosswalk is that portion of a road defined when the lateral lines of the sidewalks or shoulders on the opposite sides of the street are *connected.* Therefore, when, as here, the sidewalks on the opposite sides of the street have different widths when the lateral lines are connected, the crosswalk takes the shape of a trapezoid.

■    The first part of ORS 487.005(4)(a) must be compared with the second, which defines an unmarked crosswalk in a situation not presented in this case, *i.e.,* when two roadways meet but do not intersect because one terminates. In that situation the crosswalk is defined by *prolonging* the lateral lines of the sidewalk or shoulder of the terminating street to the sidewalk or shoulder on the opposite side of the continuing street. Therefore, the crosswalk would always be in the shape of a parallelogram. Thus, it is wrong to say, as plaintiff would, that in this case the lateral lines of the 12-foot wide sidewalk should be prolonged, rather than connected with the lateral lines of the eight-foot wide sidewalk on the opposite side of the street, because the roadways intersect and neither street terminates. In any case, prolonging the lateral lines would yield a parallelogram partly north of the west sidewalk, rather than south of it, as plaintiff contends.

■    Finally, because we agree with defendant's interpretation of the statute, we would accept his contention that the court's error was harmless, if we were to accept his

assumption that the jury adopted that interpretation. However, there is simply no way of determining how the jury interpreted the statute. The jury may have found that plaintiff was jaywalking, even though he was struck at a place where we have determined that there is a crosswalk. There is, therefore, a substantial chance of prejudice to plaintiff's right to a fair trial. *James v. Carnation Co., supra,* 278 Or at 76-77. Accordingly, the judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.

[1]These diagrams show how the parties' differing interpretations affect the location of the crosswalk. (A) represents defendant's theory. (B) represents plaintiff's theory.